

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 03 2010
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| LABIB JANBAY, Individually and on Behalf of All Others Similarly Situated, | ) No. |
| | ) |
| | ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FEDERAL** |
| v. | ) **SECURITIES LAWS** |
| | ) |
| CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU, | ) |
| | ) |
| | ) <u>JURY TRIAL DEMAND</u> |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Labib Janbay, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Canadian Solar, Inc. ("Canadian Solar" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Canadian Solar; and (c) review of other publicly available information concerning Canadian Solar.

## NATURE OF THE ACTION AND OVERVIEW

1.    This is a federal class action on behalf of purchasers of Canadian Solar's securities between March 3, 2010 and June 1, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.    Canadian Solar is a vertically-integrated manufacturer of silicon, ingots, wafers, cells, solar modules (panels) and custom-designed solar power applications, who delivers solar power products to customers worldwide.

3.    On June 1, 2010, the Company disclosed that it was postponing the release of its full financial results for the first quarter ended March 31, 2010, as a result of the commencement of an investigation by the Audit Committee of the Company's Board of Directors. The Company further disclosed that the investigation was launched after the Company received a subpoena from the SEC requesting documents from the Company relating to, among other things, certain sales transactions in 2009. According to Canadian Solar, the Audit Committee retained outside counsel and independent forensic accountants to assist in reviewing, among other things, the transactions described in the subpoena. The

Company also disclosed that it may revise its net revenues numbers for the 2009 fiscal fourth quarter due to the company's intention to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent return of goods after the quarter end.

4.     On this news, shares of Canadian Solar declined $1.69 per share, or 14.25%, to close on June 2, 2010, at $10.17 per share, on unusually heavy volume.

5.     Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) that with respect to sales to certain customers, it was uncertain whether the Company would receive full cash payments; (2) that certain goods were subsequently returned after the quarter end; (3) that, as a result, the Company's financial results were overstated during the Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

6.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

§1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the preparation and/or dissemination of materially false and/or misleading information, occurred in substantial part in this District.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Labib Janbay, as set forth in the accompanying certification, incorporated by reference herein, purchased Canadian Solar common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Canadian Solar is a Canadian corporation with its principal executive offices located at No. 199 Lushan Road, Suzhou New District, Suzhou, Jiangsu 215129, People's Republic of China.

13.     Defendant Shawn (Xiaohua) Qu ("Qu") was at all relevant times Chief Executive Officer ("CEO"), President, and Chairman of Canadian Solar.

14.     Defendant Arthur Chien ("Chien") was at all relevant times Chief Financial Officer ("CFO") and a director of Canadian Solar.

4

15.     Defendants Qu and Chien, are collectively referred to hereinafter as the "Individual Defendants." The Individual Defendants, because of their positions within the Company, possessed the power and authority to control the contents of Canadian Solar's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market. Each Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after their issuance, and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

## SUBSTANTIVE ALLEGATIONS

### Background

16.     Canadian Solar is a vertically-integrated manufacturer of silicon, ingots, wafers, cells, solar modules (panels) and custom-designed solar power applications, which delivers solar power products to customers worldwide.

### Materially False and Misleading
### Statements Issued During the Class Period

17.     The Class Period begins on March 3, 2010.  On this day, Canadian Solar issued a press release entitled, "Canadian Solar Reports Fourth Quarter and Full Year 2009 Results."  Therein, the Company, in relevant part,  stated:

5

ONTARIO, Canada, March 3, 2010 /PRNewswire via COMTEX/ -- Canadian Solar Inc. ("the Company", "Canadian Solar" or "we") (Nasdaq: CSIQ), one of the world's largest solar companies, today announced its unaudited financial results for the fourth quarter and the year ended December 31, 2009.

Financial Highlights

-- 4Q09 net revenues of $287.0 million, compared to 3Q09 net revenues of $213.1 million and 4Q08 revenues of $68.8 million.

-- 4Q09 shipments of 155.5 MW, compared to 3Q09 shipments of 102.6 MW and 4Q08 shipments of 19.6 MW. 4Q09 gross margin of 15.4%, compared to 3Q09 gross margin of 16.3% and 4Q08 gross margin of negative 42.7%. 4Q09 net income per diluted share of $0.35 compared to 3Q09 net income per diluted share of $0.69 and 4Q08 net loss of $1.38 per diluted share.

-- Full year 2009 net revenues of $663.8 million, compared with full year 2008 net revenues of $705.0 million.

-- Full year 2009 shipments of 325.5 MW, a 94% increase over full year 2008 shipments of 167.5 MW.

For the fourth quarter of 2009, net revenues were $287.0 million, compared to net revenues of $68.8 for the fourth quarter of 2008 and $213.1 million for the third quarter of 2009. Net income for the fourth quarter was $14.9 million, or $0.35 per diluted share, compared to a net loss of $49.2 million, or $1.38 per diluted share, for the fourth quarter of 2008.

4Q09 shipment is 155.5 MW including 146.5 MW of module sales, approximately 6.5 MW of off-spec solar cells, and 2.5 MW of modules shipped to a solar power plant project, which the Company built and sold during the quarter. The net proceeds of these project sales are classified as investment income in the profit and loss statement.

For the full year 2009, net revenues were $663.8 million, compared to $705.0 million for full year 2008. Net income for the full year 2009 was $53.1 million, or $1.41 per diluted share, compared to a net loss for the full year 2008 of $7.5 million, or $0.24 per diluted share.

Dr. Shawn Qu, Chairman and CEO, commented: "In 2009 we rebounded from net revenues of $49.5 million in the first quarter to over $287.0 million in the fourth quarter; a record for both our quarterly revenue and shipments. The rapid quarterly shipment and revenue increase we achieved is due to our world-wide market share growth and

improving cost structure. We delivered products to more than 300 customers in seven core country markets and 18 secondary markets. In 2010 we expect shipments growth in ten core countries: Germany, Italy, Spain, the Czech Republic, France, the U.S., Canada, Japan, Korea and China. We are excited about our growth potential in these markets with the increasing brand recognition."

Arthur Chien, CFO of CSI, noted: "Gross profit increased significantly to more than $40 million in 4Q09, compared to a loss of nearly $30 million in 4Q08. We achieved this increase by investing in our business to support revenue growth opportunities. Accordingly there were increased sales, general and administrative expenses during the quarter, both to support increased year end shipments and to prepare ourselves for ongoing growth in sales in 2010. 4Q09 results also reflect the impact of a $5.1 million foreign exchange loss. Overall, we achieved an increase in net income for 2009 of $53.1 million compared to a loss in 2008 of $7.5 million. Both inventory days and accounts receivable days declined quarter over quarter, while our cash position, leverage ratios and balance sheet improved considerably year over year. We expect these improvements to continue into 2010."

*       *       *

Recent Developments

-- Enhanced selective emitter products are expected to begin shipping in March 2010.

-- Produced first metal wrap-through (MWT) cells, and commenced testing and engineering work to determine the commercialization timeline of this product.

-- Dual-axis trackers and specialty residential rooftop module products are expected to begin shipping in March 2010.

-- Commenced the site selection and approvals process to establish a module manufacturing facility in Ontario, Canada.

-- Entered into an 18 MW distribution deal with West Holding Ltd of Japan and a similar arrangement with another Japanese distributor. Started regular shipments in December 2009

-- Entered into a 60 MW contract with Fire Energy Group. Fire Energy Group will promote and distribute Canadian Solar's PV products in Spain, Germany, Italy, the U.S., the Czech Republic, Morocco and China.

-- The Company completed and sold its first 250 kW PV system in Ontario.

-- Five of our solar module products are currently ranked amongst the highest performing

in California's mandatory PV USA (PTC) ratings for P-Type modules. PTC ratings are becoming a widely accepted standard for measuring real-world module power and performance.

-- Tai Seng Png, Vice President, Business Integration, resigned effective April 12, 2010. His duties are being assumed by Charlotte Xi Klein, Vice President, Global Operations.

Financial Outlook

The outlook below is based on the Company's current views with respect to operating and market conditions, its current order book and customers' forecasts, which are subject to change. The risks to our guidance also include changes in product pricing, availability and pricing of feedstock, and the project financing and exchange rate environment.

For the first quarter of 2010, we expect shipments of approximately 180 MW to 190 MW and gross margin in the mid-teens.

For the second quarter of 2010, we expect continued growth in MW shipments and a relatively stable pricing environment.

For the full year 2010, we reiterate expectations that shipments will be in the range of 600 MW to 700 MW. However, we recognize that the demand for our high quality solar modules will come in very strong from all major markets, including Germany, Italy, the U.S., the Czech Republic, Korea and Spain. We also expect strong growth from our newer markets, such as Canada, Japan and France. We plan to revisit and update our annual guidance as the year progresses.

Given the strong demand forecast, we expect to have an equal or slightly higher volume of externally purchased cells than internally produced cells in both Q1 and Q2. We are targeting to maintain a mid-teen gross margin level with this supply chain structure. The Company is on track to increase our internal cell production capacity from today's 420 MW to 700 MW by July 2010. We also believe that we are on track to improve the yield of our newly ramped-up ingot and wafer facility and expect a positive margin contribution in Q2. We also intend to further increase our internal ingot and wafer capacity in 2010.

Dr. Shawn Qu continued: "Demand is expected to be very strong for all of 2010. In the 1Q10, we are expecting shipments growth over 4Q09 with further sequential shipments growth in 2Q10. For the second half of the year, we expect the improved cost structure to result from both lower processing costs and from increased internal cell capacity. Finally some of our new premium products and new markets are expected to contribute positively to our earnings, especially in Q3 and Q4."

18.     The statements contained in ¶17 were materially false and/or misleading when made because defendants failed to disclose or indicate the following: (1) that with respect to sales to certain customers, it was uncertain whether the Company would receive full cash payments; (2) that certain goods were subsequently returned after the quarter end; (3) that, as a result, the Company's financial results were overstated during the Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

## The Truth Begins To Emerge

19.     On June 1, 2010, Canadian Solar issued a press release entitled, "Canadian Solar Updates 1Q10 Performance; Postpones June 2 Quarterly Call." Therein, the Company, in relevant part, stated:

> ONTARIO, Canada, June 1 /PRNewswire-Asia-FirstCall/ -- Canadian Solar Inc. (the "Company," "we" or "Canadian Solar") (Nasdaq:CSIQ - News), one of the world's largest solar companies, today updated its 1Q 2010 performance and guidance for 2Q 2010 and the second half of 2010. The Company has postponed the release of its full financial results for the first quarter ended March 31, 2010 and its quarterly conference call, scheduled for June 2, as a result of the commencement of an investigation by the Audit Committee of the Company's Board of Directors. While the investigation is ongoing, the Company is updating preliminary first quarter operating results.

> The investigation was launched after the Company received a subpoena from the Securities and Exchange Commission ("SEC") requesting documents from the Company relating to, among other things, certain sales transactions in 2009. The Audit Committee has retained outside counsel and independent forensic accountants to assist in reviewing, among other things, the transactions described in the subpoena. The Company has been, and intends to continue, fully cooperating with the SEC.

> Preliminary First Quarter Operating Results
> The Company shipped an estimated 186.4 MW of modules during Q1 2010.

> 4Q09 and FY09 Revisions

> The Company may revise the 4Q09 net revenues numbers due to the company's intention

to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent return of goods after the quarter end. These sales transactions are deferred to Q1 and Q2 of 2010. Full year 2009 net revenues may be revised accordingly.

20.　　On this news, shares of Canadian Solar declined $1.69 per share, or 14.25%, to close on June 2, 2010, at $10.17 per share, on unusually heavy volume.

## CLASS ACTION ALLEGATIONS

21.　　Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased Canadian Solar's securities between March 3, 2010 and June 1, 2010, inclusive (the "Class Period") and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

22.　　The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Canadian Solar's securities were actively traded on the National Association of Securities Dealers Automated Quotations Market ("NASDAQ"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Millions of Canadian Solar shares were traded publicly during the Class Period on the NASDAQ. Record owners and other members of the Class may be identified from records maintained by Canadian Solar or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

23.　　Plaintiff's claims are typical of the claims of the members of the Class as all members of the

10

Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

24.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

25.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     Whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Canadian Solar; and

(c)     To what extent the members of the Class have sustained damages and the proper measure of damages.

26.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

27.     The market for Canadian Solar's securities was open, well-developed and efficient at all

11

relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Canadian Solar's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Canadian Solar's securities relying upon the integrity of the market price of the Company's securities and market information relating to Canadian Solar, and have been damaged thereby.

28.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Canadian Solar's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about Canadian Solar's business, operations, and prospects as alleged herein.

29.     At all relevant times, the material misrepresentations and omissions particularize in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Canadian Solar's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

30.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

31.     During the Class Period, Plaintiff and the Class purchased Canadian Solar's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors's losses.

## SCIENTER ALLEGATIONS

32.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Canadian Solar, his/her control over, and/or receipt and/or modification of Canadian Solar's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Canadian Solar, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

33.     The market for Canadian Solar's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Canadian Solar's securities traded at artificially inflated prices during the Class Period. On April 7, 2010,

the closing price of the Company's common stock reached a Class Period high of $25.97 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Canadian Solar's securities and market information relating to Canadian Solar, and have been damaged thereby.

34.     During the Class Period, the artificial inflation of Canadian Solar's stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Canadian Solar's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Canadian Solar and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

35.     At all relevant times, the market for Canadian Solar's securities was an efficient market for the following reasons, among others:

(a)     Canadian Solar stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Canadian Solar filed periodic public reports with the SEC and the NASDAQ;

14

(c)     Canadian Solar regularly communicated with public investors *via* established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)     Canadian Solar was followed by securities analysts employed by major brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

36.     As a result of the foregoing, the market for Canadian Solar's securities promptly digested current information regarding Canadian Solar from all publicly available sources and reflected such information in Canadian Solar's stock price. Under these circumstances, all purchasers of Canadian Solar's securities during the Class Period suffered similar injury through their purchase of Canadian Solar's securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

37.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe

harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Canadian Solar who knew that the statement was false when made.

### FIRST CLAIM
**Violation of Section 10(b) of
The Exchange Act and Rule 10b-5
Promulgated Thereunder Against All Defendants**

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Canadian Solar's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

40.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Canadian Solar's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

41.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Canadian Solar's financial well-being and prospects, as specified herein.

42.     These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Canadian Solar's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Canadian Solar and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

43.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information

about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

44.     The defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Canadian Solar's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

45.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Canadian Solar's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Canadian Solar's securities during the Class Period at artificially high prices and were

damaged thereby.

46.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the

Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of

the Class and the marketplace known the truth regarding the problems that Canadian Solar was

experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not

have purchased or otherwise acquired their Canadian Solar securities, or, if they had acquired such

securities during the Class Period, they would not have done so at the artificially inflated prices which they

paid.

47.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act

and Rule 10b-5 promulgated thereunder.

48.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other

members of the Class suffered damages in connection with their respective purchases and sales of the

Company's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of**
**The Exchange Act Against the Individual Defendants**

49.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth

herein.

50.     The Individual Defendants acted as controlling persons of Canadian Solar within the

meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, and

their ownership and contractual rights, participation in and/or awareness of the Company's operations

and/or intimate knowledge of the false financial statements filed by the Company with the SEC and

disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

52.     As set forth above, Canadian Solar and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against

all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 3, 2010                 MURRAY, FRANK & SAILER LLP

_Gregory Linkh_ (GL 0477)
Brian P. Murray
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone:     (212) 682-1818
Facsimile:     (212) 682-1892
E-mail:bmurray@murrayfrank.com

Lionel Z. Glancy
Michael Goldberg
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160
E-mail:info@glancylaw.com

LAW OFFICES OF HOWARD G. SMITH
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867
E-mail:legul2010@aol.com

_Attorneys for Plaintiff Labib Janbay_