## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LABIB JANBAY, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CANADIAN SOLAR, INC., ARTHUR CHIEN, and SHAWN QU, )<br><br>Defendants. ) | **Civil Action No. 10-cv-4430 (RWS)** |
| KWUN YING YU, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CANADIAN SOLAR, INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN, )<br><br>Defendants. ) | **Civil Action No. 10-cv-4562 (RWS)** |
| JI SHU ZHANG, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CANADIAN SOLAR, INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN, )<br><br>Defendants. ) | **Civil Action No. 10-cv-4578 (RWS)** |

(Captions continued on subsequent pages.)

## MEMORANDUM OF LAW IN SUPPORT OF CANADIAN SOLAR INVESTORS GROUP'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL

| | | |
|---|---|---|
| SAID SABER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) | **Civil Action No. 10-cv-4706 (RWS)** |
| v. | ) ) | |
| CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU, | ) ) ) | |
| Defendants. | ) ) | |
| MORRIS PEDERSEN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | **Civil Action No. 10-cv-5091 (RWS)** |
| Plaintiff, | ) | |
| v. | ) ) | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, ARTHUR CHIEN, ROBERT K. MCDERMOTT, LARS-ERIC JOHANSSON, MICHAEL G. POTTER, DEUTSCHE BANK SECURITIES, INC., MORGAN STANLEY & CO. INCORPORATED, and PIPER & JAFFRAY & CO., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| TOM LENDA and ROSE LENDA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | **Civil Action No. 10-cv-5434 (UA)** |
| Plaintiff, | ) | |
| v. | ) ) | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN, | ) ) ) | |
| Defendants. | ) | |

GHP Arbitrium AG, Alberto DeLeon, and Scott Kroeker ("Canadian Solar Investors Group") respectfully submits this memorandum in support of its motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-

1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA")[1] and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Canadian Solar Investors Group as Lead Plaintiff of a class of purchasers of the securities of Canadian Solar; (3) approving its selection of the law firms of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Glancy Binkow & Goldberg LLP ("Glancy") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

A total of at least six securities class actions[2] have been filed in the Southern District of New York.[3]  Three of the actions are on behalf of persons who purchased or otherwise acquired Canadian Solar securities during the period between May 26, 2009 and June 1, 2010 (the "Class Period")[4].  All raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.  The *Pedersen* action also asserts claims under Sections 11, 12(a)(2), and (15) of the Securities Act in connection with a public offering of 6.9 million shares of Canadian Solar securities at $15.75 per share totaling over $108 million, pursuant to a registration statement and prospectus.

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical.  For the purpose of convenience, all citations to these provisions herein will be to the Exchange Act.

[2] The actions are entitled: *Janbay v. Canadian Solar Inc.*, 10-cv-4430-RWS; *Yu v. Canadian Solar Inc.*, 10-cv-4562-RWS; *Zhang v. Canadian Solar Inc.*, 10-cv-4578-RWS; *Saber v. Canadian Solar Inc.*, 10-4706- RWS; *Pedersen v. Canadian Solar Inc.*, 10-cv-5091-RWS; and *Lenda v. Canadian Solar Inc.*, 10-cv-5434-UA.

[3] One other action was filed in the Northern District of California, *Shrestha v. Canadian Solar, Inc. et al.*, 10-cv-02702-JF (N.D. Cal.) seeking to pursue remedies under the Securities Act of 1933 and the Exchange Act.  This action is on behalf of all persons or entities who purchased shares of Canadian Solar between October 13, 2009 and June 1, 2010 and on behalf of purchasers of Canadian Solar in connection with its October 14, 2009 offering.

[4] For the purpose of determining lead plaintiff, it is proper to use "the longer, most inclusive class period ... as it encompasses more potential class members."  *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006).

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Canadian Solar Investors Group, with losses of approximately $472,508 under Last-In-First-Out ("LIFO") methodology and $830,808 under First-In-First-Out ("FIFO") methodology in connection with its purchases of Canadian Solar during the Class Period, is adequate and typical to serve as lead plaintiff.  Canadian Solar Investors Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action.  Canadian Solar Investors Group has the largest financial interest in the relief sought in this action by virtue of its substantial investment in Canadian Solar during the Class Period and the losses it suffered as a result of Defendants' misconduct.  Canadian Solar Investors Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate loss representative with claims typical of the other Class members.  Accordingly, Canadian Solar Investors Group respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Canadian Solar designs, develops, manufactures and sells solar cell and module products that convert sunlight into electricity for a variety of uses.  The Company conducts all of its manufacturing operations in China.  Its products include a range of standard solar modules built to general specifications for use in a range of residential, commercial and industrial solar power generation systems.  It also designs and produces specialty solar modules and products based on its customers' requirements.  Specialty solar modules and products consist of customized modules that its customers incorporate into their own products, such as solar-powered bus stop lighting, and complete specialty products, such as solar-powered car battery chargers.  It sells its

products under its Canadian Solar brand name and to original equipment manufacturing customers under their brand names.   It also implements solar power development projects, primarily in conjunction with government organizations.

Throughout the Class Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.   Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's financial results were overstated, as the Company had recorded revenue from sales for which it had not been paid; (2) certain goods had been returned after the end of the fourth quarter of 2009; (3) the Company's internal and disclosure controls with respect to its revenue recognition policy were materially deficient; (4) as a result of the foregoing, Canadian Solar's financial statements were not fairly presented in conformity with United States Generally Accepted Accounting Principles, and were materially false and misleading; and (5) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On June 1, 2010, after the market closed, the Company disclosed that it was delaying the release of its financial results for its first quarter ended March 31, 2010, after receiving a subpoena from the SEC concerning certain sales transactions in 2009.   Moreover, the Company disclosed that it may have to revise earnings from the fourth quarter and full year 2009 due to the Company's intention to recognize sales only after receiving full cash payments from certain customers, and due to certain subsequent return of goods after the quarter end.

The disclosures on June 1, 2010 caused Canadian Solar's securities to decline by $1.69 per share or more than 14%, to close on June 2, 2010 at $10.17 per share, on unusually heavy volume.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed...." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.).  Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from Canadian Solar's disclosure concerning certain errors related to the accounting of the Company's inventory and cost of sales.  Accordingly, consolidation of the related actions is appropriate.  *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

### II.   CANADIAN SOLAR INVESTORS GROUP<br>SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of

class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Canadian Solar Investors Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Canadian Solar Investors Group Is Willing to Serve as Lead Plaintiff

On June 3, 2010, counsel in the filed action against the defendants, styled *Janbay v. Canadian Solar Inc. et al.*, Case No. 10-cv-04430-RWS, caused a notice ("Notice") to be published over *Business Wire* pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Canadian Solar securities that they had until August 2, 2010, to file a motion to be appointed as Lead Plaintiff. *See* Notice attached hereto as Exhibit 1.

Canadian Solar Investors Group has filed the instant motion pursuant to the Notice and has attached Certifications attesting that it is willing to serve as Lead Plaintiff for the Class and is willing to provide testimonies at deposition and trial, if necessary. *See* Certifications attached hereto as Exhibit 2. Accordingly, Canadian Solar Investors Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Canadian Solar Investors Group Has The "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E\*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, Canadian Solar Investors Group believes that it has the largest financial interest of any of movants with regard to the relief sought by the Class. As detailed in the chart below, under FIFO, Canadian Solar Investors Group suffered a total loss of $830,808. Under LIFO, Canadian Solar Investors Group suffered a total loss of $472,508. *See* Charts attached hereto as Exhibit 3.

| Member | Shares Purchased | Dollar Expended | Retained Shares at the end of the Class Period | FIFO Loss | LIFO Loss |
|---|---|---|---|---|---|
| GHP Arbitrium AG | 20,000 | $289,294 | 20,000 | $60,894 | $60,894 |
| Alberto DeLeon | 7,269 | $192,610.38 | 2,269 | $108,306 | $108,306 |
| Scott Kroeker | 228,900 | $5,390,789 | 4,200 | $661,608 | $303,308 |
| Total | | | | $830,808 | $472,508 |

*See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997). Because Canadian Solar Investors Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

> **C.**    **Canadian Solar Investors Group Satisfies the**
> **Requirements of Rule 23 of the Federal Rules of Civil Procedure.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v.*

*Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.* See *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

Canadian Solar Investors Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act and the Securities Act by making what they knew or should have known were false or misleading statements of material facts concerning Canadian Solar, or omitted to state material facts necessary to make the statements they did make not misleading. Canadian Solar Investors Group, as did all members of the Class, purchased Canadian Solar securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Canadian Solar Investors Group is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

> **D.   Canadian Solar Investors Group Will Fairly and**
> **Adequately Represents the Interests of the Class**
> **and Are Not Subject to Unique Defenses.**

The presumption in favor of appointing Canadian Solar Investors Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Canadian Solar Investors Group's ability and desire to fairly and adequately represent the Class have been discussed above. Canadian Solar Investors Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, Canadian Solar Investors Group should be appointed Lead Plaintiff for the Class.

> **III.   LEAD PLAINTIFF'S SELECTION OF**
> **COUNSEL SHOULD BE APPROVED.**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S.

Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Canadian Solar Investors Group has selected the Pomerantz law firm and the Glancy law firm as Co-Lead Counsel. The Pomerantz firm and the Glancy law firm are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Pomerantz Resume and Glancy Resume attached hereto as Exhibits 4 and 5. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Canadian Solar Investors Group's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Canadian Solar Investors Group's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Canadian Solar Investors Group respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing GHP Arbitrium AG, Alberto DeLeon, and Scott Kroeker as Lead Plaintiff for the Class; (3) approving the Pomerantz firm and the Glancy firm as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   August 2, 2010
         New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:   (312) 377-1181
Facsimile:   (312) 377-1184

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Canadian Solar Investors Group*