UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
LABIB JANBAY, Individually and on Behalf : Civil Action No. 1:10-cv-04430-RWS
of All Others Similarly Situated,                               :
                                                                : <u>CLASS ACTION</u>
                           Plaintiff,                           :
                                                                :
        vs.                                                     :
                                                                :
CANADIAN SOLAR INC., et al.,                                    :
                                                                :
                           Defendants.                          :
                                                                :
KWUN YING YU, On Behalf of Herself and                          : Civil Action No. 1:10-cv-04562-RWS
All Others Similarly Situated,                                  :
                                                                : <u>CLASS ACTION</u>
                           Plaintiff,                           :
                                                                :
        vs.                                                     :
                                                                :
CANADIAN SOLAR INC., et al.,                                    :
                                                                :
                           Defendants.                          :
                                                                :
JI SHU ZHANG, Individually and on Behalf of                     : Civil Action No. 1:10-cv-04578-RWS
All Others Similarly Situated,                                  :
                                                                : <u>CLASS ACTION</u>
                           Plaintiff,                           :
                                                                :
        vs.                                                     :
                                                                :
CANADIAN SOLAR INC., et al.,                                    :
                                                                :
                           Defendants.                          :
---------------------------------------------------------------- x

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF KENNETH LEE FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| SAID SABER, Individually and on Behalf of All Others Similarly Situated,          : <br> : <br>            Plaintiff,    : <br> : <br>       vs.       : <br> : <br>CANADIAN SOLAR INC., et al.,       : <br> : <br>            Defendants.    : <br> : | Civil Action No. 1:10-cv-04706-RWS <br><br> <u>CLASS ACTION</u> |
| MORRIS PEDERSEN, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>       vs. <br><br>CANADIAN SOLAR INC., et al., <br><br>            Defendants. | Civil Action No. 1:10-cv-05091-RWS <br><br> <u>CLASS ACTION</u> |
| TOM LENDA, et al., On Behalf of Themselves and All Others Similarly Situated, <br><br>            Plaintiffs, <br><br>       vs. <br><br>CANADIAN SOLAR INC., et al., <br><br>            Defendants. | Civil Action No. 1:10-cv-05434-UA <br><br> <u>CLASS ACTION</u> |

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least six-related securities class action lawsuits (the "Actions")[1] brought on behalf of all those who purchased or otherwise acquired Canadian Solar Inc. ("Canadian Solar" or the "Company") securities between May 26, 2009 and June 1, 2010, inclusive (the "Class Period")[2], and alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Kenneth Lee ("Lee") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Mr. Lee as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve Mr. Lee's selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Johnson Bottini, LLP ("Johnson Bottini") to serve as Lead Counsel.

This motion is made on the grounds that Mr. Lee is the most adequate plaintiff, as defined by the PSLRA. Mr. Lee suffered losses of $222,478.90 in connection with his purchases of Canadian Solar securities during the Class Period. *See* Rosenfeld Decl., Ex. B[3]. In addition, Mr. Lee, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of

---

[1]     Concurrent with the filing of this motion, movant is filing a Notice of Filing of Kenneth Lee's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel in the Northern District of California, where an action alleging similar violations of the federal securities laws is pending before the Honorable Jeremy Fogel.

[2]     Although the various complaints allege different Class Periods, for the purposes of this motion, the relevant Class Period is the longest period alleged in the complaints.

[3]     References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated August 2, 2010 and submitted herewith.

Civil Procedure in that his claims are typical of the claims of the putative Class and that he will fairly and adequately represent the interests of the Class.

## II. FACTUAL BACKGROUND

Canadian Solar, together with its subsidiaries, engages in the design, development, manufacture, and marketing of solar cell and solar module products that convert sunlight into electricity for various uses in Canada and internationally.

The Actions allege that, throughout the Class Period, defendants knew or recklessly disregarded that their public statements concerning Canadian Solar's business, operations and prospects were materially false and misleading. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (1) with respect to sales to certain customers, it was uncertain whether the Company would receive full cash payments; (2) certain goods were subsequently returned after the quarter end; (3) as a result, the Company's financial results were overstated during the Class Period; (4) the Company lacked adequate internal and financial controls; and (5) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On June 1, 2010, after the market closed, the Company disclosed that it was postponing the release of its full financial results for the first quarter ended March 31, 2010, as a result of the commencement of an investigation by the Audit Committee of the Company's Board of Directors. The Company further stated that the investigation was launched after the Company received a subpoena from the United States Securities and Exchange Commission requesting documents from the Company relating to, among other things, certain sales transactions in 2009. According to Canadian Solar, the Audit Committee retained outside counsel and independent forensic accountants to assist in reviewing, among other things, the transactions described in the subpoena. The Company also revealed that it may revise its net revenue numbers for the 2009 fiscal fourth quarter due to the

Company's intention to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent returns of goods after the quarter end.

The next day, as a result of this news, shares of Canadian Solar declined $1.69 per share, or 14.25%, to close on June 2, 2010, at $10.17 per share, on unusually heavy volume.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of certain of Canadian Solar securities for alleged violations of the Securities Act and the Exchange Act during the Class Period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Canadian Solar securities during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Canadian Solar securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.   Mr. Lee Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Labib Janbay v.*

- 3 -

*Canadian Solar Inc., et al.*, No. 10-cv-04430-RWS, caused notice regarding the pendency of the Actions to be published on *Business Wire*, a national, business-oriented newswire service, on June 3, 2010. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Mr. Lee Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Mr. Lee Has Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on August 2, 2010. Pursuant to the provisions of

the PSLRA and within the requisite time frame after publication of the required notice (published on June 3, 2010), Mr. Lee timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Mr. Lee has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the Class. *See* Rosenfeld Decl., Ex. C. In addition, Mr. Lee has selected and retained competent counsel to represent himself and the Class. *See* Rosenfeld Decl., Exs. D-E. Accordingly, Mr. Lee has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Mr. Lee Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl., Ex. C., Mr. Lee purchased Canadian Solar securities in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, Mr. Lee incurred a substantial $222,478.90 loss on his transactions in Canadian Solar securities. Mr. Lee thus has a significant financial interest in this case. Therefore, Mr. Lee satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Mr. Lee Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Mr. Lee satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quoting *In re Prudential Secs., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

Mr. Lee satisfies this requirement because, just like all other Class members, he: (1) purchased Canadian Solar securities during the Class Period; (2) purchased Canadian Solar securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Lee's claim is typical of those of other Class members since his claim and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Lee to represent the Class to the existence of any conflicts between the interests of Mr. Lee and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (citation omitted).

Here, Mr. Lee is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Lee, who purchased Canadian Solar securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Lee are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Lee's interest and those of the other members of the Class. Further, Mr. Lee has taken significant steps which demonstrate that he will protect the interests of the Class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Mr. Lee's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Lee *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Mr. Lee's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Mr. Lee has selected the law firms of Robbins Geller and Johnson Bottini as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Rosenfeld Decl., Exs. D-E. Accordingly, the Court should approve Mr. Lee's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Mr. Lee respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Mr. Lee as Lead Plaintiff in the Actions; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: August 2, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

JOHNSON BOTTINI, LLP
FRANCIS A. BOTTINI, JR.
501 West Broadway, Suite 1720
San Diego, CA  92101
Telephone:  619/230-0063
619/238-0622 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on August 2, 2010, I caused a true and correct copy of the attached:

>Notice of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;

>Memorandum in Support of the Motion of Kenneth Lee for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and

>Declaration of David A. Rosenfeld in Support of the Motion of Kenneth Lee for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                                                */s/ David A. Rosenfeld*
                                                DAVID A. ROSENFELD