UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LABIB JANBAY, *On Behalf of All Others Similarly Situated*,<br><br>                      Plaintiff,<br><br>       vs.<br><br>CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU,<br><br>                      Defendants. | Civil Action No.: 10-cv-04430-RWS<br><br><u>CLASS ACTION</u> |
| KWUN YING YU, *On Behalf of Herself and All Others Similarly Situated*,<br><br>                      Plaintiff,<br><br>       vs.<br><br>CANADIAN SOLAR INC., SHAWN XIAOHUA QU and ARTHUR CHIEN,<br><br>                      Defendants. | Civil Action No.: 10-cv-04562-UA<br><br><u>CLASS ACTION</u> |
| JI SHU ZHANG, *Individually and On Behalf of All Others Similarly Situated*,<br><br>                      Plaintiff,<br><br>       vs.<br><br>CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN,<br><br>                      Defendants. | Civil Action No.: 10-cv-04578-RWS<br><br><u>CLASS ACTION</u> |

[*Caption Continued on Following Page*]

**MEMORANDUM OF LAW IN SUPPORT OF THE CSIQ INVESTOR GROUP'S MOTION TO CONSOLIDATE RELATED CASES, TRANSFER THE REALTED CASES, APPOINT THE CSIQ INVESTOR GROUP AS LEAD PLAINTIFF, AND TO APPROVE THE SELECTION OF LEAD COUNSEL**

| | | |
|---|---|---|
| SAID SABER, *Individually and On Behalf of All Others Similarly Situated*, | : : : : : : : : : : : : : : : x | Civil Action No.: 10-cv-04706-UA<br><br>CLASS ACTION |
| Plaintiff, | | |
| vs. | | |
| CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU, | | |
| Defendants. | | |
| MORRIS PEDERSEN, *Individually and On Behalf of All Others Similarly Situated*, | : : : : : : : : : : : : : : : : : : : : : x | x<br>Civil Action No.: 10-cv-05091-RWS<br><br>CLASS ACTION |
| Plaintiff, | | |
| vs. | | |
| CANADIAN SOLAR INC., SHAWN (XIAOHUA) QU, ARTHUR CHIEN, ROBERT K. MCDERMOTT, LARS-ERIC JOHANSSON, MICHAEL G. POTTER, DEUTSCHE BANK SECURITIES, INC., MORGAN STANLEY & CO. INCORPORATED, and PIPER & JAFFRAY & CO. | | |
| Defendants. | | |
| TOM LENDA, ROSE LENDA, *On Behalf of Themselves And All Others Similarly Situated*, | : : : : : : : : : : : : : : : x | x<br>Civil Action No.: 10-cv-05434-UA<br><br>CLASS ACTION |
| Plaintiff, | | |
| vs. | | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN, | | |
| Defendants. | | |

**TABLE OF CONTENTS**

I.  STATEMENT OF THE FACTS ..................................................................................................1

II. ARGUMENT..................................................................................................................................2

    A.  The Related Actions Should Be Consolidated............................................................2

    B.  CSIQ Investor Group Satisfies the Lead Plaintiff Requirements of the PSLRA ..................................................................................................................................3

        1.  The CSIQ Investor Group Is a Permissible Group ......................................4

        2.  The CSIQ Investor Group Suffered the Largest Financial Interest in the Relief Sought by the Class......................................................6

        3.  The CSIQ Investor Group Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23.................................................6

        4.  The CSIQ Investor Group's Selection of Lead Counsel Should Be Approved..............................................................................................8

    C.  The Related Actions Should Be Transferred ............................................................9

III. CONCLUSION.............................................................................................................................10

010189-11  385723 v1

# **TABLE OF AUTHORITIES**

### **Federal Cases**

*Corwin v. Seizinger*
  2008 U.S. Dist. LEXIS 3045 (S.D.N.Y. Jan. 8, 2008) ............................................................... 2

*Davidson v. E*Trade Fin. Corp.* ........................................................................................................ 3
  2008 U.S. Dist. LEXIS 61265, (S.D.N.Y. July 16, 2008)

*Ferrari v. Gisch*
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................... 6

*Ferrari v. Impath, Inc.*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 20, 2004) .......................................................... 8

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ................................................................................................... 7

*In re Fuwei Films Sec. Litig.*
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................... 6

*Johnson v. Celotex Corp.*
  899 F.2d 1281 (2d Cir. 1990) .................................................................................................... 2

*Kaplan v. Gelfond*
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................. 6

*Kuriakose v. Fed. Home Loan Mortg. Co.*
  2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ......................................................... 6

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*
  2006 U.S. Dist. LEXIS 36018 (S.D.N.Y. June 5, 2006) ........................................................... 9

*Primavera Familienstiftung v. Askin*
  173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................... 2

*Reimer v. Ambac Fin. Group, Inc.*
  2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) ........................................................ 5, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....................................................................................... 5

*Weltz v. Lee*
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................... 5

**FEDERAL STATUTES**

United States Code
15 § 77z-1(a)(3)(B)(iii)(II) ................................................................................................. 4
15 § 78aa ........................................................................................................................... 9
15 § 78u-1(a)(3)(B)(v) ....................................................................................................... 8
15 § 78u-4(a)(1)-(3)(B)(iii)(I) ............................................................................................ 3
15 § 78u-4(a)(3)(A)(i) ........................................................................................................ 3
15 § 78u-4(a)(3)(B) ............................................................................................................ 3
15 § 78u-4(a)(3)(B)(i) ........................................................................................................ 4
15 § 78u-4(a)(3)(B)(ii) ....................................................................................................... 2
15 § 78u-4(a)(3)(B)(iii) ...................................................................................................... 8
15 § 78u-4(a)(3)(B)(iii)(I) ............................................................................................... 4, 5
15 § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................... 6
15 § 78u-4(a)(3)(B)(iii)(II) ................................................................................................ 4
15 § 78u-4(a)(3)(B)(iii)(aa) ............................................................................................... 3
15 § 78u-l(a)(3)(B)(iii)(II)(aa) ........................................................................................... 8
15 § 78u-4(a)(3) ................................................................................................................. 1
28 1404(a) .......................................................................................................................... 9

Federal Rule of Civil Procedure
23 .................................................................................................................................. 6, 7
23(a) ........................................................................................................................ 6, 7, 8
23(a)(3) ............................................................................................................................ 7
42(a) ................................................................................................................................. 2

**OTHER AUTHORITIES**

Securities Exchange Act of 1934
 § 21D(a)(3)(B)(iii)(I)(cc) ................................................................................................ 6

Class members Michael Goldstein, Ali Alemi, John Szczypinski, Bansidhar Datta, Rojwol Shrestha, Eric Spiegel and James Cole (collectively "the CSIQ Investor Group" or "Movant") respectfully submit this memorandum of points and authorities in support of their motion (1) to consolidate the above-captioned related cases; (2) to transfer the related cases to the Northern District of California; (3) to be appointed as Lead Plaintiff in the above referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (4) for approval of their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class.

## I.     STATEMENT OF THE FACTS[1]

This is a federal securities class action brought on behalf of purchasers of Canadian Solar, Inc. ("CSIQ" or the "Company").  The class consists of those investors who purchased CSIQ shares between October 13, 2009 and June 1, 2010 (the "Class Period").[2]

CSIQ is a vertically-integrated manufacturer of silicon, ingots, wafers, cells, solar modules (panels) and custom-designed solar power applications.  CSIQ delivers its solar power products to customers worldwide.  CSIQ was founded in 2001 in Ontario, Canada and listed on the NASDAQ exchange in 2006.  CSIQ maintains its U.S. headquarters within the Northern District of California at 12657 Alcosta Blvd., Suite 140, San Ramon, California 94583.

During the Class Period, CSIQ and certain of its executive officers made false and/or misleading statements or failed to disclose that:  1) it was uncertain whether CSIQ would receive full cash payment for sales made to certain customers; 2) certain goods were returned after the end of the quarter; 3) as a result, CSIQ's financial results were overstated during the Class Period; 4) CSIQ lacked adequate internal and financial controls; and 5) as a result of these failures, CSIQ's financial statements were materially false and misleading at all relevant times.

---

[1] The facts are gathered from the complaints captioned *Janbay v. Canadian Solar, Inc. et al.*, No. 10-cv-4430 (filed on June 3, 2010, Dkt. No. 1) and *Shrestha v. Canadian Solar, Inc., et al.*, No. 10-cv-2702 (filed on June 21, 2010, N.D. Cal.).

[2] There are several class periods asserted in the cases captioned above.  For purposes of this motion, the CSIQ Investor Group uses the Class Period asserted by its counsel in the case *Shrestha v. Canadian Solar, Inc., et al.*, No. 10-cv-2702 (filed on June 21, 2010, N.D. Cal.).

On June 1, 2010, CSIQ disclosed that it would postpone the release of its full financial results for the first quarter ending March 31, 2010, as a result of an investigation by the Audit Committee of the Company's Board of Directors. The Company also disclosed that the SEC had issued a subpoena requesting documents from CSIQ relating to, among other things, certain sales in 2009. According to CSIQ, the Audit Committee retained outside counsel and independent forensic accountants to assist in reviewing the transactions described in the SEC's subpoena. CSIQ also revealed that it may revise its net revenue numbers for the 2009 fiscal quarter due to the Company's intention to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent returns of goods after the quarter end. During the Class Period, CSIQ issued numerous statements that were false and or misleading or that failed to fully disclose the true conditions at CSIQ. CSIQ also filed a Prospectus Supplement with the SEC for a follow-on public offering of common stock on October 15, 2009.

Defendants' positive, but false, statements caused investors to invest in CSIQ. On June 1, 2010, CSIQ shocked the market when it issued a press release disclosing that its accounting was unreliable. The next trading day, CSIQ's share price declined 14.25% to close at $10.17 on unusually heavy volume.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

"[I]f more than one action on behalf of a class asserting *substantially* the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff. *See*, *e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added); *see also Corwin v. Seizinger*, Case No. 07 Civ. 6728, 2008 U.S. Dist. LEXIS 3045, at * 2 (S.D.N.Y. Jan. 8, 2008) (consolidating related actions prior to appointing lead plaintiff). Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

To date, the CSIQ Investor Group has identified six related cases in this district which should be consolidated. Each of those six actions, listed in the captions above, are on behalf of purchasers of CSIQ common stock who purchased in reliance on the Defendants' materially false and misleading statement and/or omissions during the Class Period.[3] The Related Actions also assert essentially similar and overlapping claims for alleged violations of the federal securities laws and are based on a common set of facts. Accordingly, the Related Actions are appropriate for consolidation.

## B.     CSIQ Investor Group Satisfies the Lead Plaintiff Requirements of the PSLRA

The PSLRA provides the procedure that governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). First, the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, Hagens Berman announced that it was investigating wrongdoing at CSIQ on June 2, 2010. The class action was filed on June 3, 2010, and notice was published that same day. *See* Borkon Decl., Ex. A. (notice of pendency).[4] Within sixty days after publication of notice, any "person" or "group of persons" who are members of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Once the motions have been filed, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). The Court:

> [s]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately***

---

[3] Although the Complaints allege slightly different Class Periods, such differences are insufficient to defeat the efficiencies gained by consolidating these related cases. *See*, *e.g.*, *Davidson v. E*Trade Fin. Corp.*, No. 07-cv-10400, 2008 U.S. Dist. LEXIS 61265, at * 7-* 8 (S.D.N.Y. July 16, 2008) (consolidating securities class actions alleging different Class Periods).

[4] "Borkon Declaration" or "Borkon Decl." refers to the Declaration of Peter E. Borkon in Support of the CSIQ Investor Group's Motion to Consolidate Related Cases, Transfer Related Cases, Appoint the CSIQ Investor Group as Lead Plaintiff, and to Approve the Selection of Lead Counsel, filed concurrently herewith.

- 3 -

>    *representing* the interests of class members in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).[5]

The PSLRA established a statutory presumption that a movant is the "most adequate plaintiff" on a showing that:

>    (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
>    (bb) *in the determination of the court, has the largest financial interest in the relief sought by the class*; and
>
>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption can only be overcome by showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render the plaintiff incapable of adequately representing the Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, the CSIQ Investor Group is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. The CSIQ Investor Group has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the Class. Consequently, this Court should appoint the CSIQ Investor Group as Lead Plaintiff and approve Movant's selection of Hagens Berman as Lead Counsel for the Class.

### 1. The CSIQ Investor Group Is a Permissible Group

The PSLRA permits groups of investors to serve as lead plaintiffs. Specifically, the PSRLA provides that a court "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, a "person or group of persons" may be an

---

[5] All internal citations and quotations omitted and all emphasis added, unless otherwise indicated.

- 4 -

adequate lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven to serve as lead plaintiff).

In the appropriate circumstances, this Court has repeatedly approved aggregating groups of investors to serve as lead plaintiff in securities cases governed by the PSRLA.  *See Reimer v. Ambac Fin. Group, Inc.*, No. 08 Civ. 411, 2008 U.S. Dist. LEXIS 38729, at * 8-* 9 (S.D.N.Y. May 9, 2008) (explaining that disallowing unrelated class members to aggregate and serve as lead plaintiff is "now the minority view."); *In re Fuqi Int'l. Inc. Sec. Litig.*, Case No. 10-cv-2556 (DAB), at * 15 (Dkt. 19, July 26, 2010) (same).  This Court recently noted that allowing a group to serve as lead plaintiff is appropriate where there is evidence that "unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008).  Among the factors the court considers in assessing a proposed lead plaintiff group are:  1) any pre-litigation relationship among the members; 2) group members' involvement in the litigation thus far; 3) the group members' plans for cooperation; 4) members' level of sophistication; and 5) whether members chose outside counsel. *Id*.

Here, the CSIQ Investor Group developed a relationship prior to seeking appointment as a Lead Plaintiff.  *See* Borkon Decl., Ex. D (Joint Declaration).  The members of the CSIQ Investors Group were introduced to one another during a telephone call on July 26, 2010.  *Id*., ¶ 4.  The members of the CSIQ Investor Group have demonstrated their desire and ability to cooperate to further the interests of the Class and to manage this litigation.  They have also demonstrated their commitment to managing this litigaiton and their plans to continue doing so.  *Id*., ¶¶ 6-10, 13.  The members of the group are sophisticated individuals and they chose outside counsel rather than the other way around.  *Id*.  Indeed, the members of the CSIQ Investor Group are aware that they can choose any law firm, but they have determined that they wish to proceed with proposed Lead Counsel, Hagens Berman.  *Id*., ¶ 11.  The CSIQ Investors intend to participate directly in this litigation, are willing and able to serve as class representatives and have participated in organizational calls.  They have a detailed decision-making

- 5 -

structure in place. *Id.*, ¶¶ 6, 9, 12-13. They have established a method for communicating among themselves and with counsel and are exactly the proactive group the PSRLA envisions leading a securities class action such as the one at issue here. Accordingly, the CSIQ Investor Group satisfies the requirements of the PSLRA and respsctfully suggest that they are a permissible group.

### 2. The CSIQ Investor Group Suffered the Largest Financial Interest in the Relief Sought by the Class

As a result of Movant's purchases of CSIQ securities throughout the Class Period, the CSIQ Investor Group has an aggregate financial interest of $595,854.27. Borkon Decl., Ex. B. The CSIQ Investor Group believes it has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status. . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004). The CSIQ Investor Group, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### 3. The CSIQ Investor Group Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."). At this stage of the litigation, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). *See also Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 U.S. Dist. LEXIS 95506, at * 8 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."). As detailed below, the CSIQ Investor Group satisfies

both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### a. The CSIQ Investor Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Reimer*, 2008 U.S. Dist. LEXIS 38729, at * 12 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because the CSIQ Investor Group's claims *are* identical to the claims of the other Class Members. The CSIQ Investor Group and all the members of the Class purchased CSIQ securities when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both the CSIQ Investor Group and the Class Members suffered damages as a result of these purchases. Simply put, the CSIQ Investor Group, like all the other Class Members: (1) purchased CSIQ securities; (2) purchased CSIQ securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The CSIQ Investor Group's claims and injuries arise from the same events or course of conduct that gave rise to the claims of other class members.

Moreover, the CSIQ Investor Group is not subject to any unique or special defenses. Thus, the CSIQ Investor Group meets the typicality requirement of Rule 23 because the CSIQ Investor Group's claims are the same as the claims of the other Class Members.

### b. The CSIQ Investor Group Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class

are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at * 19 (S.D.N.Y. July 20, 2004). As described below, the CSIQ Investor Group will adequately represent the interests of the class.

The CSIQ Investor Group's interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between the CSIQ Investor Group's interests and those of proposed Class Members. Furthermore, the CSIQ Investor Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial interest Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the CSIQ Investor Group's identical interest with the members of the Class, clearly shows that the CSIQ Investor Group will adequately and vigorously pursue the interests of the Class. In addition, the CSIQ Investor Group has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of the CSIQ Investor Group's common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Therefore, since the CSIQ Investor Group not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, the CSIQ Investor Group is, in accordance with 15 U.S.C. § 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.[6]

### 4. The CSIQ Investor Group's Selection of Lead Counsel Should Be Approved.

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15

---

[6] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). The CSIQ Investor Group meets the presumption of adequacy.

U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa).  The CSIQ Investor Group has selected Hagens Berman to serve as Lead Counsel for the Class.  Hagens Berman has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Borkon Decl., Ex. E (Hagens Berman Rèsumè).  This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

**C.    The Related Actions Should Be Transferred**

Pursuant to 28 U.S.C. 1404(a), the Court may transfer these cases to another district if transfer would be in the interest of justice and benefit the "convenience of the parties and witnesses."  Transfer is appropriate where:  (1) the case could have been filed in the transferee district and (2) the convenience and interests of justice favor transfer.  *See*, *e.g.*, *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, No. 06-cv-1942(HB), 2006 U.S. Dist. LEXIS 36018, at * 11 (S.D.N.Y. June 5, 2006) (applying transfer factors to a securities class action and transferring cases).  In making the determination of whether to transfer, courts consider:  1) plaintiff's choice of forum; 2) location of the operative facts; 3) convenience of the parties; 4) location of documents; 5) relative means of the parties; 6) forum's familiarity with the governing law; 7) trial efficiency; and 8) interests of justice.  *Id*., at * 11-* 12.

Here, transfer is appropriate.  These actions could have been properly filed within the Northern District of California.  CSIQ maintains its sole headquarters of North American operations within that district and venue is proper there.  *See* 15 U.S.C. § 78aa (venue is proper in securities cases in the district "wherein the defendant is found. . . .").

Applying the first of the transfer factors to this case, it is well-established that a plaintiff's choice of forum is entitled to deference.  *Laborers Local*, 2006 U.S. Dist. LEXIS, at * 13.  Plaintiffs filed seven cases before the lead plaintiff deadline in the Southern District of New York and the Northern District of California.  Rojwol Shrestha, a member of the CSIQ Investor Group filed his complaint within the Northern District of California.  Mr. Shrestha's choice of forum is entitled to deference.  *Id.*  Second, the pivotal operative facts took in the Northern District of California.  According to information gathered from the Prospectus Supplement referred to in the *Shrestha* Complaint, other operative facts may have taken place in Ontario, Canada – there CSIQ is incorporated or in China where several of its subsidiaries

- 9 -

are located.  CSIQ also has one subsidiary incorporated under Delaware law, and held a Board meeting in New York, New York.  Thus, this factor does not weigh in favor of any particular venue.

Third, the convenience of the parties will be better served if the case is transferred.  Two of the members of the CSIQ Investor Group reside within the Northern District of California.  Several of the Defendants, including Arthur Chien and Shawn Qu have regular contact with that district and maintain offices in San Ramon, California.  Fourth, the witnesses maintain offices within the Northern District of California and the SEC investigation is centered on conduct that occurred within the Northern District of California.  Fifth, the ease of access to documents is a relative non-issue as documents are largely electronic and can be easily transported and searched from numerous locations.  Sixth, both this Court and the Northern District of California are familiar with the governing law.

Finally, trial efficiency and the interests of justice weigh in favor of transfer.  Because senior officers of CSIQ maintain offices within the Northern District of California, it will be more efficient to hold the trial within the district where the witnesses already conduct business and where they will be able to work with minimal disruption.  Furthermore, as reflected in the Administrative Office of the United States Courts, *Federal Judicial Caseload Statistics: March 31*, 2009 (Washington, D.C. 2009) the Southern District of New York had 23,407 civil cases pending on March 31, 2009, as opposed to 7,808 for the Northern District of California.  Borkon Decl., Ex. G.  Accordingly, the factors weigh in favor of transferring these related cases to the Northern District of California.

### III.  CONCLUSION

For the foregoing reasons, the Court should consolidate the above captions cases, appoint the CSIQ Investor Group as Lead Plaintiff and approve their selection of Hagens Berman as Lead Counsel for the class.

DATED: August 2, 2010

Respectfully submitted,

By _____/s/ Steve W. Berman_____
      STEVE W. BERMAN

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eight Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

- 10 -

010189-11 385723 v1

        Reed R. Kathrein (139304)
        Peter E. Borkon (212596)
        HAGENS BERMAN SOBOL SHAPIRO LLP
        715 Hearst Avenue, Suite 202
        Berkeley, CA 94710
        Telephone:  (510) 725-3000
        Facsimile:   (510) 725-3001

        [Proposed] Lead Counsel for the CSIQ Investor Group

## CERTIFICATE OF SERVICE

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.  I hereby attest that Steve W. Berman has concurred with this filing.

                                               /s/ David S. Nalven
                                               DAVID S. NALVEN

# Mailing Information for a Case 1:10-cv-04430-RWS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory Bradley Linkh**
  glinkh@murrayfrank.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`