**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
LABIB JANBAY, Individually and on              :
behalf of all others similarly situated,       :
                                               :
                          Plaintiff,           :   No. 1:10-cv-04430 (RWS)
                                               :
               v.                              :        ECF Case
                                               :
CANADIAN SOLAR, INC., ARTHUR                   :
CHIEN, and SHAWN QU,                           :
                                               :
                          Defendants.          :
---------------------------------------------------------------x
[Captions continued on the following page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**BY HARRY TABAK FOR CONSOLIDATION, FOR HIS**
**APPOINTMENT AS LEAD PLAINTIFF ON BEHALF OF THE CLASS AND**
**FOR APPROVAL  OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

```
-------------------------------------------------------------x
KWUN YING YU, Individually and on               :
behalf of all others similarly situated,        :
                                                :
                        Plaintiff,              :   No. 1:10-CV-04562 (RWS)
                                                :
                v.                              :        ECF Case
                                                :
CANADIAN SOLAR, INC., ARTHUR                    :
CHIEN, and SHAWN QU,                            :
                                                :
                        Defendants.             :
-------------------------------------------------------------x
-------------------------------------------------------------x
JI SHU ZHANG, Individually and on               :
behalf of all others similarly situated,        :
                                                :
                        Plaintiff,              :   No. 1:10-cv-04578 (RWS)
                                                :
                v.                              :        ECF Case
                                                :
CANADIAN SOLAR, INC., ARTHUR                    :
CHIEN, and SHAWN QU,                            :
                                                :
                        Defendants.             :
-------------------------------------------------------------x
-------------------------------------------------------------x
SAID SABER, Individually and on                 :
behalf of all others similarly situated,        :
                                                :
                        Plaintiff,              :   No. 1:10-cv-04706 (RWS)
                                                :
                v.                              :        ECF Case
                                                :
CANADIAN SOLAR, INC., ARTHUR                    :
CHIEN, and SHAWN QU,                            :
                                                :
                        Defendants.             :
-------------------------------------------------------------x
```

```
-----------------------------------------------------------------x
MORRIS PEDERSEN, Individually and on            :
behalf of all others similarly situated,        :
                                                 :
                         Plaintiff,              :   No. 1:10-cv-05091 (RWS)
                                                 :
                 v.                              :        ECF Case
                                                 :
CANADIAN SOLAR, INC., ARTHUR                     :
CHIEN, SHAWN QU, ROBERT K.                       :
McDERMOTT, LARS-ERIC JOHANSSON,                  :
MICHAEL G. POTTER, DEUTSCHE BANK                 :
SECURITIES, INC., MORGAN STANLEY                 :
& CO., INC., and PIPER JAFFRAY & CO.,            :
                                                 :
                         Defendants.             :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
ROSE and TOM LENDA, Individually and on         :
behalf of all others similarly situated,         :
                                                 :
                         Plaintiff,              :   No. 1:10-cv-05434 (UA)
                                                 :
                 v.                              :        ECF Case
                                                 :
CANADIAN SOLAR, INC., ARTHUR                     :
CHIEN, and SHAWN QU,                             :
                                                 :
                         Defendants.             :
-----------------------------------------------------------------x
```

**TABLE OF CONTENTS**

**PAGE NO.**

I.  INTRODUCTION ...............................................................................................1

II.  NATURE OF THE ACTION ............................................................................2

III.  MR. TABAK SHOULD BE APPOINTED LEAD PLAINTIFF .......................3

    A.  The Procedures Mandated By The PSLRA ...............................................3

    B.  Mr. Tabak Satisfies The Requirements Of The Act ..................................5

        1.  Mr. Tabak Believes That He Has The Largest
           Financial Interest In  The Relief Sought By The Class ...............................5

        2.  Mr. Tabak Satisfies The Requirements Of Fed. R. Civ. P. 23.....................7

        3.  Mr. Tabak's Claims Are Typical Of The Claims Of The Class ..................8

        4.  Mr. Tabak Will Fairly And Adequately Represent
           The Interests Of The Class.........................................................................9

IV.  THIS COURT SHOULD APPROVE
MR. TABAK'S CHOICE OF LEAD COUNSEL...........................................10

V.  THESE ACTIONS SHOULD BE CONSOLIDATED......................................11

VI.  CONCLUSION................................................................................................13

I.       **INTRODUCTION**

Mr. Harry Tabak ("Mr. Tabak") purchased 220,508 shares of Canadian Solar, Inc. ("Canadian Solar" or "the Company") between May 26, 2009 and June 1, 2010, inclusive (the "Class Period"),[1] and suffered a loss of $489,503.

Mr. Tabak respectfully submits this memorandum of law in support of his Motion: (a) for his appointment as lead plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (b) for approval of his selection of Berger & Montague, P.C. and Klafter Olsen & Lesser LLP as plaintiff's co-lead counsel; and (c) for consolidation of these actions pursuant to Fed. R. Civ. P. 42(a).

Mr. Tabak is believed to be the investor with the largest financial interest in the outcome of the case.[2]  Mr. Tabak is a significant investor with a stake in the outcome of the litigation and his assistance in the prosecution of the action will further protect the interests of the Class.  As such, Mr. Tabak meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Mr. Tabak satisfies the requirements of Fed. R. Civ. P. 23 in that his claims are typical of the claims of the class, and he will fairly and adequately represent the interests of the class.

---

[1]  Various class periods have been alleged in this case.  May 26, 2009 is the earliest beginning date for the class period.  October 13, 2009 and November 17, 2009 have also been alleged as class period starting dates.  As discussed below, Mr. Tabak is believed to be the investor with the largest financial interest in the outcome of the case, regardless of the particular class period alleged.

[2]  Mr. Tabak's certification listing his transactions in Canadian Solar stock, as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Jeffrey Klafter. ("Klafter Decl.") as Exhibit A.  A chart detailing his losses is attached to the Klafter Decl. as Exhibit B.  Mr. Tabak's losses for purposes of the current motion are not necessarily the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.

II.      **NATURE OF THE ACTION**

This is a federal class action on behalf of purchasers of the publicly-traded common stock of Canadian Solar between May 26, 2009 and June 1, 2010, inclusive (the "Class Period") against Canadian Solar and certain of its officers and directors, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Canadian Solar is a vertically integrated manufacturer of silicon, ingots, wafers, cells, solar modules, and custom designed solar power applications, which delivers solar power products to customers worldwide.

It is alleged that throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning Canadian Solar's business, operations, and prospects were materially false and misleading.  Specifically, defendants made false and/or misleading statements and/or failed to disclose: (1) that with respect to sales to certain customers, it was uncertain whether the Company would receive full cash payments; (2) that certain goods were subsequently returned; (3) that the Company's financial results were overstated during the Class Period; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

After the close of the market on June 1, 2010, Canadian Solar disclosed that it received a subpoena from the Securities and Exchange Commission ("SEC").  The SEC subpoena requested documents from Canadian Solar relating to certain sales transactions in 2009.  The Company disclosed that its Audit Committee has retained outside counsel and independent forensic accountants to assist in reviewing the transactions described in the subpoena.  The Company postponed the release of its full financial results for the first quarter ended March 31, 2010, and

2

its quarterly conference call scheduled for June 2, 2010.  Canadian Solar also announced that its first quarter operating results would be updated, and that the Company's 4Q09 net revenue numbers may be revised "due to the company's intention to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent return of goods after the quarter end." Canadian Solar declined $1.69 per share, or 14.25%, to close on June 2, 2010 at $10.17 per share, on unusually heavy trading volume.

On July 27, 2010, the Company announced that it had received a letter from the NASDAQ Stock Market, dated July 21, 2010, notifying the Company that it is not in compliance with the requirements for continued listing set forth in NASDAQ Listing Rule 5250(c)(1) because it did not timely file its annual report on Form 20-F for the year ended December 31, 2009.  Nor has the Company released its full financial results for the first quarter ended March 31, 2010, as of the date of this motion.

## III.  MR. TABAK SHOULD BE APPOINTED LEAD PLAINTIFF

### A.  The Procedures Mandated By The PSLRA

The PSLRA has established a procedure that governs the appointment of lead plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, counsel in the first filed action caused the first notice to be published on June 3, 2010 (Exh. C, Klafter Decl.)  This notice stated that any

motion for the appointment as lead plaintiff was due "not later than 60 days from the date of this

Notice."

The PSLRA states that within sixty (60) days after the publication of the notice mandated

by the PSLRA, any "person or group of persons" who are members of the proposed class may

apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a

complaint in the action.  15 U.S.C §78u-4(a)(A) and (B).  Mr. Tabak has timely filed this motion

before the August 2, 2010 expiration of the 60-day period from such publication.

The inclusion of a significant investor, such as Mr. Tabak, to serve as lead plaintiff is

precisely what the framers of the PSLRA hoped to accomplish.  As the Statement of Managers

noted, the PSLRA was intended "to increase the likelihood that . . . class members with large

amounts at stake "will represent the interests of the plaintiff class more effectively than class

members with small amounts at stake."  House Conference Report No. 104-369, 104th Cong. 1st

Sess. at 34 (1995).

The PSLRA further provides that within 90 days after publication of the notice, or as

soon as practicable after the Court decides any pending motion to consolidate, the Court shall

consider any motion made by a class member and shall appoint as lead plaintiff(s) the  member

or members of the class that the Court determines to be most capable of adequately representing

the interests of the class members, 15 U.S.C. §78u-4(a)(3)(B).  In determining who is the "most

adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most
> adequate plaintiff in any private action arising under this
> title is the person or group of persons that
>
>     (aa)    has either filed the complaint or made a
> motion in response to a notice .  .  .

> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.    Mr. Tabak Satisfies The Requirements Of The Act

#### 1.    Mr. Tabak Believes That He Has The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the Court's determination as to which person or group of persons has the largest financial interest in the relief sought by the class.

The "most adequate plaintiff" provision of the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

§21D(a)(3)(B)(i).  Moreover, pursuant to §21D(a)(3)(B)(iii), the Court shall presume:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> * * *
>
> (bb) in the determination of the court, has the **largest financial interest in the relief sought by the class** (emphasis added).

5

Numerous courts have interpreted this language to mean that the person or group who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class. *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *3 (N.D. Ill. Aug. 6, 1997) (members of moving group with largest collective financial interest are presumptive lead plaintiffs).

Mr. Tabak purchased 220,508 shares of Canadian Solar during the May 26, 2009 to June 1, 2010 Class Period and suffered a loss of $489,503.  Accordingly, Mr. Tabak has a substantial stake in the litigation.  The legislative history of the PSLRA demonstrates that Mr. Tabak is precisely the type of plaintiff Congress sought to encourage to come forward.  "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  House Conference, Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex., July 12, 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999).  Thus, as contemplated by Congress, Mr. Tabak will most effectively represent the interests of the plaintiff class.

---

3 For comparison purposes, using October 13, 2009 as the beginning of the Class Period, Mr. Tabak's losses measured using the FIFO methodology are $489, 841; using the LIFO methodology, his losses are $496, 320.  Similarly, with a Class Period beginning on November 17, 2009, Mr. Tabak's FIFO losses are $497, 901; his LIFO losses are also $497, 901.

In addition, Mr. Tabak has selected and retained Berger & Montague, P.C. and Klafter Olsen & Lesser LLP as co-lead counsel, both of which are highly experienced in prosecuting securities class actions. *See* firm resume of Berger & Montague, P.C., Exh. D to Klafter Decl., and firm resume of Klafter Olsen & Lesser LLP, Exh. E to Klafter Decl. Accordingly, Mr. Tabak satisfies the prerequisites for appointment as lead plaintiff under section 21D(a)(3)(B).

### 2.    Mr. Tabak Satisfies The Requirements Of Fed. R. Civ. P. 23

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives. Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification. *See, e.g., Chill v. Green Tree Financial Corp.,* 181 F.R.D. 398, 407, n. 8 (D. Minn. 1998)("a proposed Lead Plaintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck v.*

*CellStar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997).  As detailed below, Mr. Tabak satisfies

the typicality and adequacy requirements of Rule 23.

### 3.   Mr. Tabak's Claims Are Typical Of The Claims Of The Class

Generally, the typicality requirement is satisfied if the claims arise from the same event,

practice or course of conduct that gives rise to the claims of the class members, and are based on

the same legal theory.  *See Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985); *Hoxworth v.*

*Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992);  *In re Kirschner Medical Corp. Sec.*

*Litig.,* 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D.

397, 406-07 (D.N.J. 1990)( typicality satisfied if class representatives and its members point to

the same broad course of alleged fraudulent conduct).  Indeed, to satisfy typicality, the claims of

the class representatives do not have to be identical to those of the class members.  *Eisenberg v.*

*Gagnon*, 766 F.2d at 786.  The focus of the typicality inquiry is not plaintiffs' behavior, but

defendants' behavior.  *In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder] Fed. Sec. L.

Rep. (CCH) ¶93 643 at 97,931 (D.N.J. Dec. 3, 1987).

Mr. Tabak satisfies this requirement because, just like all other class members, he: (1)

purchased shares of Canadian Solar at prices alleged artificially inflated by the false and

misleading statements issued by defendants or by defendants' failure to disclose material

information; and (2) suffered damages thereby.  Thus, his claims are typical of those of other

class members since his claims and the claims of the other class members arise out of the same

course of events.  Because Mr. Tabak seeks to prove that his claims arise from the same events,

practice or course of conduct that give rise to the claims of the other class members, and because

Mr. Tabak's claims are based on the same legal theories, the typicality requirement of Rule

23(a)(3) is satisfied. *See Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 98 (M.D.N.C. 1993).

### 4.      Mr. Tabak Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4), the representative party must fairly and adequately protect the interests of the class. This requirement is met if it appears that: (1) the named plaintiff has interests in common with, and not antagonistic to, the class's interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation. *See, e.g., In re Drexel Burnham Lambert Group,* 960 F.2d 285, 291 (2d Cir. 1992); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 247 (3d Cir. 1975). *See also Simpson*, 149 F.R.D. at 102; *Kirschner,* 139 F.R.D. at 79.

Mr. Tabak is an adequate representative of the Class. The PSLRA directs the Court to limit its inquiry regarding the adequacy of the proposed lead plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court." *See* 15 U.S.C. §78u4(a)(3)(B)(v).

The interests of Mr. Tabak are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of Mr. Tabak and the Class. As detailed above, Mr. Tabak shares numerous common questions of law and fact with the members of the Class and his claims are typical of the claims of other Class members. Further, Mr. Tabak has selected attorneys to represent him that are highly experienced in prosecuting securities class

actions. Moreover, Mr. Tabak suffered significant losses and therefore has a substantial stake in the litigation.

**IV. THIS COURT SHOULD APPROVE MR. TABAK'S CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchants Acceptance Co.,* 1997 WL 405668 at *5 (N.D. Ill. Aug. 11, 1997). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa). *See In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ..."). Congress' theory in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring counsel's performance ..." *In re: Razorfish, Inc. Securities Litigation,* 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).

Accordingly, Mr. Tabak has selected and retained Berger & Montague, P.C. and Klafter Olsen & Lesser LLP as his co-lead counsel, both of which possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* Resumes of Berger & Montague, P.C. and Klafter Olsen & Lesser LLP (Exhs. D and E to the Klafter Decl.) Thus, the Court may be assured that, in the

10

event this motion is granted, the members of the class will receive the highest caliber of legal representation available.

## V.     THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate when actions involve common questions of law and fact.  Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995).  Rule 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is common in federal securities class action cases.  *In re Cendant Corp. Litig.,* 182 F.R.D. 476, 478 (D.N.J. 1998).  Indeed, section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."  Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Id*.

"In securities actions where the complaints are based on the same 'public statements and reports,'" as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)).  *Accord, e.g., In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998).  Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here.   Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying Mr. Tabak's motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation.  *Compare*, Manual For Complex Litigation, §§ 41.2 & 41.31.

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, Mr. Tabak respectfully requests that the Court consolidate these actions and appoint him as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA.  Mr. Tabak further requests that the Court approve his choice of Berger & Montague, P.C. and Klafter Olsen & Lesser LLP as plaintiff's co-lead counsel.

Dated: August 2, 2010

By:    _____s/Jeffrey Klafter_____
**KLAFTER OLSEN & LESSER LLP**
Jeffrey Klafter, Esq. (JK-0953)
Kurt Olsen, Esq.
Two International Drive
Suite 350
Rye Brook, NY  10573
Phone: (914) 934-9200
Fax:    (914) 934-9220

**Proposed  Co-Lead Counsel**

12

**BERGER & MONTAGUE, P.C.**
Todd S. Collins, Esq.
Neil F. Mara, Esq.
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000
Fax:    (215) 875-4604

**Proposed Co-Lead Counsel**

kal572648

13