**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Timothy W. Brown, Esq. (TB 1008)
350 5th Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| LABIB JANBAY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4430 (RWS) |
| | CLASS ACTION |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NHAN TRAN NGUYEN TO (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| v. | |
| CANADIAN SOLAR INC., ARTHUR CHIEN, AND SHAWN QU, | |
| Defendants. | |

-----------------------------------------------------------------X

| | |
|---|---|
| KWUN YING YU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4562 (RWS) |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, AND ARTHUR CHIEN | |
| Defendants. | |

-----------------------------------------------------------------X

1

| | |
|---|---|
| ------------------------------------------------------------X<br>JI SHU ZHANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4578 (RWS)<br><br>CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, AND ARTHUR CHIEN, | |
| Defendants | |
| ------------------------------------------------------------X<br>SAID SABER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-4706 (RWS)<br><br>CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, AND ARTHUR CHIEN, | |
| Defendants | |
| ------------------------------------------------------------X<br>MORRIS PEDERSEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.:10-CV-4430 (RWS)<br><br>CLASS ACTION |
| Plaintiff, | |
| vs. | |
| CANADIAN SOLAR INC., SHAWN XIAOHUA QU, ARTHUR CHIEN, ROBERT K. MCDERMOTT, LARS-ERIC JOHANSSON, MICHAEL G. POTTER, DEUTSCHE BANK SECURITIES, INC, MORGAN STANLEY & CO, INC., AND  PIPER JAFFRAY & CO., , | |
| Defendants | |
| ------------------------------------------------------------X | |

```
-------------------------------------------------------------X
TOM LENDA AND ROSE LENDA,                    Case No.:10-CV-5434 (RWS)
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,                   CLASS ACTION

        Plaintiff,

        vs.

CANADIAN SOLAR INC., SHAWN XIAOHUA
QU, ARTHUR CHIEN, ROBERT K.
MCDERMOTT, LARS-ERIC JOHANSSON,
MICHAEL G. POTTER, DEUTSCHE BANK
SECURITIES, INC, MORGAN STANLEY & CO,
INC., AND  PIPER JAFFRAY & CO., ,

        Defendants
-------------------------------------------------------------X
```

Nhan Tran Nguyen respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing Ms. Nguyen as Lead Plaintiff for the class of all purchasers of the shares of Canadian Solar, Inc. ("CSIQ", "Canadian Solar", or the "Company") during the period between March 3, 2010 and June 1, 2010, inclusive (the "Class Period")[1]; and

    (3) approving Mr. Nguyen's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

---

[1] The Janbay Action, Case No. 10-CV-4430, alleges the Class Period to be between March 3, 2010 and June 1, 2010; the Yu Action, Case No. 10-CV-4562, alleges the Class Period to be between May 26, 2009 and June 1, 2010; the Saber Action, Case No. 10-CV-4706, alleges the Class Period to be between May 26, 2009, and June 1, 2010; the Pederson Action, Case No. 10-CV-4430, alleges the Class Period to be between May 26, 2009 and June 1, 2010; and the Lenda Action, Case No. 10-CV-5434, alleges the Class Period to be between November 17, 2009, and June 1, 2010.

3

**INTRODUCTION AND BACKGROUND**

Canadian Solar, Inc. manufactures and delivers solar products and system solutions for on and off-grid uses to customers worldwide. At all relevant times, the Company's stock was traded on NASDAQ under ticker "CSIQ".

The related actions allege that Canadian Solar, Inc. and certain of its officers and directors issued materially false and misleading statements concerning the Company's financial condition, business, and operations. Particularly, the complaints assert that certain of the Company's revenues were improperly recorded from sales for which the Company had not been paid, and that certain goods had been returned after the end of the quarter. According to the Company's public announcements, Canadian Solar reported the commencement of an investigation by the Audit Committee of the Company's Board of Directors. The Company announced that it may revise its previously reported revenues for 4Q09 and the 2009 fiscal year. As a result of the investigation, Canadian Solar postponed both the release of its 1Q2010 financial results and its quarterly conference call. As a result of these and related adverse disclosures, Canadian Solar's share price has dropped substantially, damaging shareholders.

On June 3, 2010 a law firm issued a PSLRA early notice advising potential class members of, among other things, the allegations and claims in the first-filed action and the deadline for shareholders to seek appointment as lead plaintiff. *See* Declaration of Phillip Kim filed herewith, ("Kim Decl."), Ex. 1.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in

adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   MS. NGUYEN SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Ms. Nguyen satisfies all of these criteria and thus entitled to the presumption that she is the most adequate plaintiff of the class, and that she, as a result, should be appointed Lead Plaintiff.

### A.   Ms. Nguyen is Willing to Serve as Class Representative

Ms. Nguyen has filed the instant motion and certification attesting her willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, Mr. Nguyen satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.   Ms. Nguyen Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y.

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Ms. Nguyen purchased 31,000 shares of CSIQ during the Class Period at a cost of $521,750.00.  She sold 17,510 of those shares for $203,382.02, and retained the remainder (i.e., 13,490 shares), thereby suffering an approximate loss of $159,586.70.[3]  *See* Kim Decl., Ex. 3.  Ms. Nguyen has the largest financial interest of any class member that has made an appearance in this litigation to date.

Ms. Nguyen is not aware of any other movants that have suffered greater losses in CSIQ securities during the Class Period.  Accordingly, with total losses of $158,586.70, Ms. Nguyen satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Ms. Nguyen Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

---

[3] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock after the end of the Class Period to August 1, 2010 —the lookback price— which is $11.83.  *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Oxford Health Plans*, 182 F.R.D. at 49.

Ms. Nguyen fulfills the requirements of Rule 23. Each of her claims share substantially similar questions of law and fact with the members of the class, and her claims are typical of those of the members of the class. Ms. Nguyen and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about CSIQ's business. Ms. Nguyen, as did all of the members of the class, purchased CSIQ shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Ms. Nguyen and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

**D.   Ms. Nguyen Will Fairly and Adequately Represent the
        Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Ms. Nguyen as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Ms. Nguyen's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Ms. Nguyen is not aware of any unique defenses that defendants could raise against her that would render her inadequate to represent the class. Accordingly, the Court should appoint Ms. Nguyen as Lead Plaintiff for the class.

### III.   MS. NGUYEN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ms. Nguyen has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Ms. Nguyen's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Ms. Nguyen respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing her as Lead Plaintiff of the class; (3) approving her selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: August 2, 2010

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 2nd day of August, 2010, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                 /s/ Phillip Kim