**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LABIB JANBAY, on behalf of Himself and All Others Similarly Situated,<br><br>                 Plaintiff,<br>     v.<br><br>CANADIAN SOLAR, INC., ARTHUR CHIEN and SHAWN QU,<br><br>                Defendants. | Civil Action No. 1:10-cv-04430-RWS |
| KWUN YING YU,<br><br>                 Plaintiff,<br>     v.<br><br>CANADIAN SOLAR, INC., SHAWN XIAOHUA QU and ARTHUR CHIEN,<br><br>                Defendants. | Civil Action No. 1:10-cv-04562-RWS |
| JI SHU ZHANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br>     v.<br><br>CANADIAN SOLAR, INC., SHAWN XIAOHUA QU and ARTHUR CHIEN,<br><br>                Defendants. | Civil Action No. 1:10-cv-04578-RWS |
| SAID SABER, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br>     v.<br><br>CANADIAN SOLAR, INC., ARTHUR CHIEN and SHAWN QU,<br><br>                Defendants. | Civil Action No. 1:10-cv-04706-RWS |
| (Additional Captions Continue on next page) | |

| | |
|---|---|
| MORRIS PEDERSEN, Individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>          v.<br><br>CANADIAN SOLAR, INC., SHAWN (XIAOHUA) QU, ARTHUR CHIEN, ROBERT K. McDERMOTT, LARS-ERIC JOHANSSON, MICHAEL G. POTTER, DEUTSCHE BANK SECURITIES, INC., MORGAN STANLEY & CO. INCORPORATED and PIPER & JAFFRAY & CO.,<br><br>                              Defendants. | Civil Action No. 1:10-cv-05091-RWS |

**MEMORANDUM IN SUPPORT OF MOTION BY
AHMED CHAUDHRY, ARMEN POGHOSYAN, PAWEL MASALSKI,
GABRIELLA WIRSCHKE AND FOGLIO (USA) INC. TO
CONSOLIDATE ALL RELATED ACTIONS, TO BE APPOINTED LEAD
PLAINTIFFS, AND FOR APPROVAL OF THEIR SELECTION OF
<u>FARUQI & FARUQI LLP AND RYAN & MANISKAS, LLP AS CO-LEAD COUNSEL</u>**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  PROCEDURAL BACKGROUND.............................................................................. 2

III. STATEMENT OF FACTS ......................................................................................... 3

IV.  ARGUMENT............................................................................................................... 5

     A.   The Actions Should Be Consolidated For All Purposes ............................... 5

     B.   The Court Should Appoint Movants Ahmed Chaudhry, Armen Poghosyan,
          Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. as Lead Plaintiffs .......... 6

          1.   The Procedure Required By The Exchange Act To Appoint A Lead
               Plaintiff ............................................................................................... 6

          2.   Movants Satisfy The Lead Plaintiff Requirements Of The Exchange Act .......... 7

               (a)  Movants Have Complied With the Threshold Exchange
                    Act Lead Plaintiff Requirements .................................................. 7

               (b)  Movants Have The Largest Financial Interest In the Relief
                    Sought By The Class.................................................................... 8

               (c)  Movants Otherwise Satisfy Rule 23 ............................................ 9

                    (i)   Movants' Claims Are Typical of the Claims of the Class .................... 10

                    (ii)  Movants Will Fairly And Adequately Represent
                          The Interests Of The Class.................................................. 10

     C.   The Court Should Approve Movants' Choice of Co-Lead Counsel .......................... 11

V.   CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Caiafa v. Sea Containers, Ltd.*,
  No. 06-cv-2565, 2006 U.S. Dist. LEXIS 57776 (S.D.N.Y. Aug. 14, 2006)............................6

*Glauser v. EVCI Career Colleges Holdings Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................................................................5

*Goldberger v. PXRE Group, Ltd.*,
  No. 06-cv-3410, 2007 U.S. Dist LEXIS 23925 (S.D.N.Y. Mar. 30, 2007).............................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................9

*In re: ESPEED, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ........................................................................................9, 10


STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 78j(b) .....................................................................................................................3

15 U.S.C. § 78t(a) .....................................................................................................................3

15 U.S.C. § 78u-4(a) .................................................................................................................6

15 U.S.C. §78u-4(a)(2)(A) .........................................................................................................8

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................................2, 6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ...............................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................7

15 U.S.C. §78u-4(a)(3)(B)(ii) .....................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...............................................................................................7, 9

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa) ..........................................................................................7

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................8

15 U.S.C. §78u-4(a)(3)(B)(v) ...................................................................................................11

17 C.F.R. § 240.10b-5..............................................................................................................3

Rule 10b-5.....................................................................................................................1, 2, 3

Rule 23......................................................................................................................9, 10

Rule 23(a)..................................................................................................................9, 10

Rule 23(a)(4)..............................................................................................................10

## I.     PRELIMINARY STATEMENT

Before the Court, now, are a series of shareholder class actions on behalf of Canadian Solar Inc. ("Canadian Solar" or the "Company").  The cases allege a core of substantially similar facts, involving the alleged restatement of the Company's financial results during the Class Period.  Two issues are presently before the Court, including the consolidation of the above-captioned related cases and the appointment of lead plaintiffs and the approval of their selection of co-lead counsel pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4, et seq.

Movants Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. ("Movants") are investors who purchased shares of Canadian Solar during the Class Period.  As a direct result of defendants' alleged wrongdoing in these related cases, Movants, together and individually, suffered substantial losses.  Now, Movants seek to serve the Class as Lead Plaintiffs.  Pursuant to PSLRA, Movants hereby move this Court for the entry of an Order: (i) consolidating all related actions filed against Canadian Solar alleging violations of the federal securities laws, as well as any other related actions pending in this Court and all subsequently filed or transferred actions (collectively, the "Related Actions"); (ii) appointing Movants as Lead Plaintiffs for the Class; and (iii) approving Movants' selection of Faruqi & Faruqi, LLP and Ryan & Maniskas, LLP as Co-Lead Counsel.

The Related Actions are federal securities fraud class actions brought against Canadian Solar and certain officers and directors of the Company.  Each of the Related Actions seeks damages, in general, for violations of Section 10b of the Exchange Act and Rule 10b-5 promulgated thereunder on behalf of all persons or entities who purchased or otherwise acquired

the common stock of Canadian Solar during the period May 26, 2009 and June 1, 2010, inclusive (the "Class Period").

To their knowledge, Movants suffered among the larger losses of any group, if not the largest loss.  Given their losses resulting from Class Period purchases of Canadian Solar common stock, Movants are well qualified to serve as Lead Plaintiffs in this action.  As discussed below, Movants satisfy each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiffs in these Actions.

## II.    PROCEDURAL BACKGROUND

On or about June 3, 2010, plaintiff Labib Janbay filed the first action, *Labib Janbay v. Canadian Solar Inc., et al.*, 1:10-cv-04430-RWS (the "*Janbay* action") in the United States District Court for the Southern District of New York on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Canadian Solar common stock pursuant from March 3, 2010 and June 1, 2010, inclusive, and were damaged thereby (the "Class").  The *Janbay* action alleged violations of Sections 10b and 20a of the Exchange Act and Rule 10b-5 promulgated thereunder.  Pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 3, 2010, plaintiff Janbay published notice of the pendency of the action over a widely-available, national business-oriented wire service, *Business Wire*.  Janbay advised members of the Class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice or August 2, 2010.  *See* Declaration of Shane T. Rowley In Support of Motion by Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. To Serve As Lead Plaintiffs ("Rowley

Decl."), Exhibit A.  Movants file this Motion within the 60-day period following Janbay's publication of the June 3, 2010 notice.

After Janbay filed his action, several other class actions were filed, alleging substantially similar claims under the Exchange Act.  All of the actions were filed as related to the *Janbay* action and pending before Judge Sweet.

### III.   STATEMENT OF FACTS

This is a federal class action on behalf of purchasers of Canadian Solar's securities between May 26, 2009 through June 1, 2010, inclusive (the "Class Period"), seeking to pursue remedies under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a); and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

Defendant Canadian Solar is a Canadian corporation with its principal executive offices located at No. 199 Lushan Road, Suzhou New District, Suzhou, Jiangsu 215129, People's Republic of China. The Company designs, manufactures and sells solar module products that convert sunlight into electricity for a variety of uses.  The aggregate number of shares of Canadian Solar securities outstanding as of October 2009 is approximately 42.7 million shares. Canadian Solar is actively traded on the NASDAQ under the ticker symbol "CSIQ."  Defendant Shawn (Xiaohua) Qu was, at all relevant times, Chief Executive Officer, President, and Chairman of the Company, and Defendant Arthur Chien was, at all relevant times, Chief Financial Officer and a director of the Company.

Defendants Qu and Chien, are collectively referred to hereinafter as the "Individual Defendants."  The Individual Defendants, because of their positions within the Company, possessed the power and authority to control the contents of Canadian Solar's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and

institutional investors, *i.e.*, the market.  Each Individual Defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after their issuance, and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

On June 1, 2010, after the market closed, the Company disclosed that it was postponing the release of its full financial results for the first quarter ended March 31, 2010, as a result of the commencement of an investigation by the SEC.  The SEC subpoenaed the Company seeking documents relating to, among other things, certain sales transactions in 2009.  The Company also announced that the Audit Committee of the Board of Directors had retained outside counsel and independent forensic accountants to assist in reviewing the transactions described in the subpoena.  The Company also disclosed that it may revise its net revenue numbers for the 2009 fiscal fourth quarter due to the Company's intention to recognize sales only after receiving full cash payments from certain customers and due to certain subsequent return of goods after the quarter end.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's financial results were overstated during the Class Period as the

Company recorded revenue from sales for which it had not been paid; (2) that the Company had not properly accounted for certain goods that had been returned after the end of the fourth quarter of 2009; (3) the Company lacked adequate internal and financial controls; and (4) that, as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On June 2, 2010, shares of Canadian Solar plummeted $1.69 per share, or 14.25%, to close at $10.17 per share, on unusually heavy volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiffs and other Class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

Federal Rule of Civil Procedure 42(a) states that courts may order consolidation of all actions "involving common questions of law or fact. . . ." Fed. R. Civ. P. 42(a). This Court has broad discretion to determine whether to consolidate these Related Actions, but considerations of judicial economy generally prompt courts to consolidate factually similar cases such as these. *See e.g. Goldberger v. PXRE Group, Ltd.*, No. 06-cv-3410, 2007 U.S. Dist LEXIS 23925, at * 5-6 (S.D.N.Y. Mar. 30, 2007) (*citing Barnet v. Elan Corp.*, 236 F.R.D. 158, 160 (S.D.N.Y. 2005)). Each of the Related Actions is a class action, arising out of the substantially similar operative sets of facts. Each of the Related Actions asserts facts involving defendants' issuing false and misleading statements about Canadian Solar. As such, consolidation is appropriate where, as here, the Related Actions involve common questions of fact. *See* Fed. R. Civ. P. 42(a); *see also Glauser v. EVCI Career Colleges Holdings Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)

(securities litigation where complaints are based on same statements are appropriate for consolidation); *Caiafa v. Sea Containers, Ltd.*, No. 06-cv-2565, 2006 U.S. Dist. LEXIS 57776 (S.D.N.Y. Aug. 14, 2006) (complaints alleging that series of statements violating securities laws ripe for consolidation).  Because of the substantially similar fact patterns and legal issues in the Related Actions, this Court should order consolidation.  Movants are aware of no party or other movant who opposes consolidation.

### B.     The Court Should Appoint Movants Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. as Lead Plaintiffs

#### 1.     The Procedure Required By The Exchange Act To Appoint A Lead Plaintiff

The Exchange Act governs the appointment of a lead plaintiff in each class action arising thereunder.  15 U.S.C. § 78u-4(a).  As an initial matter, within 20 days of filing a complaint, the first plaintiff to file must publish notice, informing potential class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Counsel for Plaintiff Janbay published such a notice over the *Business Wire* on June 3, 2010.  *See* Rowley Decl., Ex. A.  Janbay's notice described that applications for appointment as Lead Plaintiff were to be made no later than August 2, 2010, stating, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), that within 60 days after publication of the notice, any person or group of persons who are members of the Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.

Second, the Exchange Act establishes a procedure by which this Court should assess and appoint a lead plaintiff or group of plaintiffs.  Within 90 days after publication of the notice, but after consolidation, the Exchange Act declares, the Court shall consider the motion of any class

member seeking appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B).[1]  The Exchange Act

prompts the Court to appoint as lead plaintiff the member or members of the Class that the Court

determines to be most capable of adequately representing the interests of class members.  *Id.*  In

determining the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this title is the person
> or group of persons that - -
>
> (aa)    has either filed the complaint or made a motion in
>         response to a notice. . .
>
> (bb)    in the determination of the court, has the largest
>         financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the
>         Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Once it orders consolidation, therefore, this Court must assess each movant's request for

appointment as lead plaintiff and determine which is most adequate at this stage to represent the

interests of the Class.

### 2.    Movants Satisfy The Lead Plaintiff Requirements of the Exchange Act

#### (a)    Movants Have Complied With The Threshold Exchange Act Lead Plaintiff Requirements

To serve as lead plaintiff, a member of the putative class must comply with two,

threshold requirements.  First, a movant must timely move for his or her appointment as lead

plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).  As noted above, notice to the class was

published on June 3, 2010.  As such, the deadline for motions seeking appointment as lead

---

[1]      While establishing a firm deadline of 90 days for a court to rule on a lead plaintiff determination, the
Exchange Act states that if plaintiffs filed more than one class action, courts should not appoint a lead plaintiff until
after they consolidate the actions.  15 U.S.C. §78u-4(a)(3)(B)(ii).

plaintiff is August 2, 2010.  Movants have satisfied that initial requirement for serving as lead plaintiff, filing on or before August 2, 2010 their motion for consolidation, for their appointment as co-lead counsel and for approval of their selection as co-lead counsel for the Class.

Next, the Exchange Act requires a movant, seeking to serve as a class representative, to submit a sworn certification, attesting to certain facts such as the person's willingness to serve as a class representative.  *See* 15 U.S.C. §78u-4(a)(2)(A).  Complying with that mandate, Movants executed and have filed with this Motion the requisite certifications, stating, among other things, that they have reviewed a complaint in this matter and that they are willing to serve as representative parties on behalf of persons who purchased Canadian Solar shares during the Class Period.  *See* Rowley Decl., Exhibit B.  In addition, Movants have detailed their purchases and sales of Canadian Solar common stock during the Class Period, attested that they will accept no payment for serving as a class representative beyond their pro rata share of any recovery, and declared that they have not sought to serve as a representative party in any class action during the past three years.  *Id.*  Movants have, therefore, complied with the Exchange Act's representative plaintiff certification requirement.

By virtue of having both timely moved and submitted an appropriate certification, Movants have satisfied the Exchange Act's threshold lead plaintiff requirements.

### (b)   Movants Have The Largest Financial Interest In The Relief Sought By The Class

Having complied with the threshold lead plaintiff requirements, Movants turn to the Exchange Act's substantive requirements by which this Court should assess their application for appointment as lead plaintiffs.  According to the Exchange Act, the Court shall appoint as lead plaintiff(s) the class member or members who, "in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

As evidenced by the accompanying signed certifications, during the Class Period, Movants purchased and/or acquired shares of Canadian Solar.  Based on those Class Period trades, Movants suffered combined collective losses of $133,257.37 as a direct and proximate result of Defendants' misconduct.  *See* Transaction Charts of Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc., Rowley Decl., Exhibit C.  To their knowledge, therefore, Movants Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. have the largest financial interest in this relief sought in these Related Actions.  Movants, therefore, satisfy the largest interest requirement of the Exchange Act's lead plaintiff provisions.

(c)   **Movants Otherwise Satisfy Rule 23**

In addition to demonstrating that they have the largest financial interest in the outcome of the Related Actions, however, Movants must also satisfy the necessary elements of Fed. R. Civ. P. 23.  According to 15 U.S.C. §78u-4(a)(3)(B)(iii), a would-be lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  This Court need not analyze the Rule 23 elements as closely at this stage of the proceeding as it will at the class certification stage.  *See In re: ESPEED, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (citations omitted).

Rather, of Rule 23(a)'s four prerequisites of numerosity, commonality, typicality and adequacy, a prospective lead plaintiff need only demonstrate that its claims are typical of the class and that it will adequately represent the class.  *Id.*; *see also In re Oxford Health Plans, Inc. Sec Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  Consequently in deciding a motion for appointment as lead plaintiff, the Court should focus its inquiries on the typicality and adequacy elements of Rule 23(a) and defer examination of the remaining requirements until the lead

plaintiffs move for class certification.   In this case, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

### (i)   Movants' Claims Are Typical Of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise."   *Espeed*, 232 F.R.D. at 102 (citing *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y 2002)).   Movants seek to represent a Class of purchasers of the Company's securities, including call options and common stock who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirements, because they: (i) purchased Canadian Solar securities during the Class Period, (ii) at prices artificially inflated by virtue of defendants' failure to disclose material information they were duty bound to disclose, and (iii) suffered damages thereby.   Other members of the Class have made and will make virtually identical claims.   Accordingly, because the claims asserted by Movants arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory" the typicality element of Rule 23(a) is satisfied.   *Id.*  (citing *In re: Oxford*, 182 F.R.D. at 50).

### (ii)  Movants Will Fairly And Adequately Represent The Interests Of The Class

In addition to their claims being typical of the claims of the Class, to be appointed lead plaintiffs, Movants must show that they will adequately represent the Class.   Under Rule 23(a)(4) the representative party must "fairly and adequately protect the interests of the class."   In the lead plaintiff context, a class member seeking appointment must show that it has no interests antagonistic to those of the class and that it has retained adequate counsel.   *Espeed*, 232 F.R.D. at 103.   Here, Movants are adequate representatives of the Class.   As evidenced by the injury they

suffered, acquiring the Company's common stock at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, Movants' interests are clearly aligned with the members of the Class.  Further, no evidence exists of any antagonism between Movants' interests and those of the other members of the Class.  In addition, as shown below, Movants' proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Not only do Movants satisfy the threshold requirements of the Exchange Act, therefore, but they are also otherwise qualified to serve as Lead Plaintiffs for the Class.  As such, this Court should appoint Movants Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. as Lead Plaintiffs for the Class.

### C.    The Court Should Approve Movants' Choice of Co-Lead Counsel

Lastly, the Exchange Act provides that the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.  15 U.S.C. §78u-4(a)(3)(B)(v).  Movants have selected and retained the firms of Faruqi & Faruqi, LLP and Ryan & Maniskas, LLP to serve the Class as Co-Lead Counsel.  As detailed in the attached firm resumes, Faruqi & Faruqi, LLP and Ryan & Maniskas, LLP have extensive experience in prosecuting complex class actions, including shareholder and securities class actions and have obtained excellent recoveries on behalf of defrauded investors.  *See* Rowley Decl., Exs. D and E. Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that Movants or the counsel they have selected will not fairly and adequately represent the Class, this Court should approve Movants' selection of Faruqi & Faruqi, LLP and Ryan & Maniskas, LLP as Co-Lead Counsel.

## V.     CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate the Related Actions for all pretrial purposes; (ii) appoint Ahmed Chaudhry, Armen Poghosyan, Pawel Masalski, Gabriella Wirschke and Foglio (USA) Inc. as Lead Plaintiffs for the Related Actions; and (iii) approve Movants' selection of Faruqi & Faruqi, LLP and Ryan & Maniskas, LLP as Co-Lead Counsel for the Class.

Dated:  August 2, 2010                                   Respectfully submitted

                                                         **FARUQI & FARUQI, LLP**


                                                         By: _/s/ Shane T. Rowley_____
                                                                Nadeem Faruqi (NF-1184)
                                                                Shane T. Rowley (SR-0740)
                                                                Jamie R. Mogil (JM-9108)
                                                         369 Lexington Avenue, 10th Fl.
                                                         New York, NY 10017
                                                         Telephone: (212) 983-9330
                                                         Facsimile: (212) 983-9331

                                                         **RYAN & MANISKAS, LLP**
                                                         Katharine M. Ryan, Esquire
                                                         Richard A. Maniskas, Esquire
                                                         995 Old Eagle School Rd., Ste. 311
                                                         Wayne, PA 19087
                                                         Telephone:  (484) 588-5516

                                                         *Attorneys for Movants Ahmed Chaudhry,*
                                                         *Armen Poghosyan, Pawel Masalski,*
                                                         *Gabriella Wirschke and Foglio (USA) Inc.*