**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LABIB JANBAY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU,<br><br>Defendants.. | **CIVIL ACTION NO. 10-04430**<br><br>**JUDGE ROBERT W. SWEET** |

(Caption continued on the following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF QIAN WANG TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| KWUN YING YU, On Behalf of Herself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN,<br><br>Defendants. | **CIVIL ACTION NO. 10-04562**<br><br>**JUDGE ROBERT W. SWEET** |
| JI SHU ZHANG, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN,<br><br>Defendants. | **CIVIL ACTION NO. 10-04578**<br><br>**JUDGE ROBERT W. SWEET** |
| SAID SABER, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANADIAN SOLAR INC., ARTHUR CHIEN, and SHAWN QU, | **CIVIL ACTION NO. 10-04706**<br><br>**JUDGE ROBERT W. SWEET** |

Defendants.

MORRIS PEDERSEN, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CANADIAN SOLAR INC., et al.,

Defendants.

**CIVIL ACTION NO. 10-05091**

**JUDGE ROBERT W. SWEET**

TOM LENDA and ROSE LENDA, on behalf of themselves and all others similarly situated,

Plaintiff,

vs.

CANADIAN SOLAR INC., SHAWN XIAOHUA QU, and ARTHUR CHIEN,

Defendants.

**CIVIL ACTION NO. 10-05091**

**UNASSIGNED**

## TABLE OF CONTENTS


PRELIMINARY STATEMENT……………………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………..2

STATEMENT OF FACTS……………………………………………………………………..3

ARGUMENT……………………………………………………………………………………...4

I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………4

II. QIAN WANG SHOULD BE APPOINTED LEAD PLAINTIFF……………………5

A. The Procedural Requirements Pursuant to the PSLRA…………………………...5

B. Wang is "The Most Adequate Plaintiff"………………….....................................6

1. Wang Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff…………………………………………………6

2. Wang Has the Largest Financial Interest…………………………….……6

3. Wang Satisfies the Requirements of Rule 23……………………….……….7

i. Wang's Claims are Typical of the Claims of all the Class Members…………………………...………………………….8

ii. Wang Will Adequately Represent the Class………………………......9

III. THE COURT SHOULD APPROVE WANG'S CHOICE OF LEAD COUNSEL ………………………………………………………………..10

CONCLUSION…………………………………………………………………………………..11

**PRELIMINARY STATEMENT**

Qian "Jeannie" Wang ("Wang" or "Movant") hereby moves to consolidate various related securities class actions filed against Canadian Solar, Inc.[1] ("Canadian Solar" or the "Company") and other defendants, to be appointed Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Securities Act of 1934 (the "Exchange Act"), 15 U.S.C. § 77z-1(a)(3)(B), and/or §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of her selection of the law firm of Kahn Swick & Foti, LLC as Lead Counsel for the Class in this case.

Wang fully understands her duties and responsibilities to the Class and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of Qian Wang to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, Wang has suffered losses of $256,461.87 as a result of her purchases of Canadian Solar securities between May 26, 2009 and June 1, 2010.[2]

---

[1] The related securities class actions filed in this District include the following cases: *Yu v. Canadian Solar, Inc., et al.*, 10-cv-04562 (filed June 10, 2010); *Zhang v. Canadian Solar, Inc., et al.,* 10-cv-04578 (filed June 11, 2010); *Saber v. Canadian Solar, Inc., et al..,* 10-cv-04706 (filed June 16, 2010); *Pedersen v. Canadian Solar, Inc., et al.*, 10-cv-05091 (filed July 2, 2010); *Lenda v. Canadian Solar, Inc., et al.*, (filed July 16, 2010). One additional action, not subject to Movant's Motion to Consolidate, *Shrestha v. Canadian Solar, Inc., et al.*, 10-cv-02702, was filed in the Northern District of California on June 21, 2010.

[2] The Class Period set forth in the first-filed case – *Janbay v. Canadian Solar, Inc., et al.* (S.D.N.Y., June 3, 2010) – is March 3, 2010 through June 1, 2010. Since that time, several related cases filed in the Southern District of New York, and one filed in the Northern District of California, have alleged a variety of class periods. *See, e.g.,, Lenda v. Canadian Solar Inc., et al.* (S.D.N.Y.) (Class Period November 17, 2009 and ending June 1, 2010); *Shrestha v. Canadian Solar, Inc., et al.* (N.D. Cal.) (Class Period October 13, 2009 - June 1, 2010); *Yu v. Canadian Solar, Inc., et al.* (S.D.N.Y.) (Class Period May 26, 2009 - June 1, 2010); and *Saber v. Canadian Solar, Inc., et al.* (S.D.N.Y.) (Class Period May 26, 2009 - June 1, 2010). The most inclusive Class Period pleaded runs from May 26, 2009, through June 1, 2010. The *Shrestha* (N.D. Cal.) complaint includes claims under both the Securities Act and the Exchange Act. In light of the fact that the Lead Plaintiff will oversee the filing of an amended consolidated complaint, Movant has included the broadest class period and all claims alleged pursuant to the Securities Act and the Exchange Act.

To the best of her knowledge, Wang has sustained the largest loss of any person seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Wang's Certification demonstrates her intent to serve as Lead Plaintiff in this litigation, including her cognizance of the duties of serving in that role.[3] Moreover, Wang satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Movant respectfully submits this memorandum of law in support of her motion, pursuant to §21D(a)(3)(B) of the Exchange Act and §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Qian Wang as Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Exchange Act and §27(a)(3)(B) of the Securities Act; and (3) approving Movant's selection of the law firm of Kahn Swick & Foti, LLC as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Janbay v. Canadian Solar, Inc., et al.*, No. 10-cv-04430, was filed on behalf of plaintiff Labib Janbay in the Southern District of New York on June 3, 2010. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 3, 2010, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of

---

[3] The federal securities laws specifically any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). A copy of Wang's Certification of her transactions in Canadian Solar securities purchased between May 26, 2009 and June 1, 2010 is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

their right to move the Court to serve as Lead Plaintiff no later than August 2, 2010. *See* Miller Decl. at Exhibit B.

Wang is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the June 3, 2010 notice.

## STATEMENT OF FACTS[4]

According to the Company's website, Canadian Solar is a vertically integrated company based in Kitchener, Ontario that is one of the world's largest solar module producers. Among its products are ingots, wafers, solar cells, solar modules, solar power systems and specialized solar products.

Throughout the Class Period, Defendants issued a series of materially false and misleading statements regarding Canadian Solar and its revenues, returns, internal controls, and its compliance with GAAP and SEC rules. Through these misstatements, Defendants led investors to believe that Canadian Solar was preparing reliable financial statements, and concealed from investors that the company had recorded revenue in connection with products that had actually been returned after the close of the fourth quarter of 2009, making the Company's 2009 financial results appear more successful than they actually were. Defendants' misstatements had the intended effect of artificially inflating the price of Canadian Solar securities. As a result, Defendants were able to register for sale and sell over one hundred million dollars in Canadian Solar securities on behalf of the company in a follow-on offering.

It was only at the end of the Class Period, on June 1, 2010, that investors finally learned that Canadian Solar would be unable to file its financial results for the first quarter of 2010, was being investigated by the SEC and the Audit Committee of its own Board of Directors, and that it

---

[4] These facts were derived from the allegations contained in the class action styled as *Yu v. Canadian Solar, Inc., et al*, 10-cv-04562-RWS (S.D.N.Y. June 10, 2010).

could be forced to restate its financial results for 2009. These belated disclosures had an immediate adverse impact on the price of Canadian Solar shares, which fell $1.69 in a single trading day – a decline of more than 14% – to close at $10.17 per share, on unusually high trading volume. This decline caused substantial damage to all holders of Canadian Solar securities, including Movant.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all concerned persons. *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id. See also In re Olsten Corp. Securities Litigation*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998). Accordingly, this Court should enter an Order that consolidates all currently and future filed related cases.

### II. QIAN WANG SHOULD BE APPOINTED LEAD PLAINTIFF

**A. The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3), 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing Class Members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i), 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on June 3, 2010. *See* Miller Decl. Exhibit B. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than August 2, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B), 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i), 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii), 15 U.S.C. § 77z-1(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B. Qian Wang is "The Most Adequate Plaintiff"**

**1. Wang Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

Wang moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on June 3, 2010. Accordingly, Wang meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and has filed her motion by August 2, 2010. Wang has also made a motion for appointment as Lead Plaintiff in the Northern District of California, where, to date, a single complaint has been filed.

Wang has sustained a substantial loss from her investment in Canadian Solar securities, and has shown her willingness to represent the Class by signing Certifications detailing her Canadian Solar transaction information. *See* Miller Decl. Exhibit A. As demonstrated by her Certification, Wang is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Wang has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit C to the Miller Declaration.

**2. Wang Has the Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest). As demonstrated herein, Movant -- with losses of $256,461.87 -- has the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

**3. Wang Satisfies the Requirements of Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the

PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff. Wang has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

**i. Wang's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Wang's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Wang and all of the Class Members purchased Canadian Solar securities between May 26, 2009, and June 1, 2010, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Wang and the Class Members suffered damages as a result.

Simply put, Wang, like all other Class Members: purchased Canadian Solar securities at artificially-inflated prices during the Class Period as a result of Defendants' misrepresentations and omissions and suffered damages as a result of Defendants' wrongdoing. Wang's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Wang is not subject to any unique or special defenses. Thus, Wang meets the typicality requirement of Fed. R. Civ. P. Rule 23, because her claims are the same as the claims of the other Class Members.

**ii. Wang Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B), 15 U.S.C. § 77z-1(a)(3)(B).

Wang's interests are clearly aligned with the members of the Class because her claims are identical to the claims of the Class. There is no evidence of antagonism between her interests and those of the proposed Class Members. Furthermore, Wang has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Wang's identical interest with the members of the Class, shows that Wang will adequately and vigorously pursue the interests of the Class. In addition, Wang has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of Wang's common interests with the Class Members, her clear motivation and ability to vigorously pursue this action, and her competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Wang not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III. THE COURT SHOULD APPROVE WANG'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v), 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Wang has selected Kahn Swick & Foti, LLC to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, Wang's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Wang respectfully requests that this Court: (1) consolidate all related actions; (2) appoint Wang to serve as Lead Plaintiff in this consolidated action; (3) approve Wang's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: August 2, 2010

Respectfully submitted,

KAHN SWICK & FOTI LLC

/s/ Kim E. Miller
Kim E. Miller (KM-6996)
500 5th Ave., Suite 1810
New York, New York 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

And

KAHN SWICK & FOTI LLC
Lewis S. Kahn
206 Covington St.
Madisonville, Louisiana 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Qian Wang and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on August 2, 2010.

/s/ Kim E. Miller
Kim E. Miller